IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON HOSPITALITY, LLC<br>1601 Concord Pike, Suite 27<br>Wilmington, Delaware 19803;<br>JOSEPH L. CAPANO, SR.<br>1436 Bohemia Mill Road<br>Middletown, Delaware 19709;<br>ALBERT A. VIETRI<br>4104 Kennett Pike<br>Greenville, Delaware 19807.<br><br>          Plaintiffs<br><br>v.<br><br>BRANCH BANKING AND TRUST<br>COMPANY (Successor of Republic Bank)<br>200 W 2nd St.<br>Winston Salem, North Carolina, 27101.<br><br>          Defendants | CIVIL ACTION<br><br>CASE NO. |

## COMPLAINT

### Parties

1.   Plaintiff Wilmington Hospitality, LLC ("Wilmington Hospitality") is a Limited Liability Corporation with a principal place of business in Delaware. Wilmington Hospitality is organized under the laws of Delaware.

2.   Plaintiffs Joseph L. Capano, Sr., a resident of Delaware, and Albert A. Vietri, a resident of Delaware, are the principals ("Principals") of Wilmington Hospitality.

3. Defendant Branch Banking and Trust Company ("Branch Banking") is a corporation engaged in banking activities, with a principal place of business in North Carolina. Branch Banking is incorporated in North Carolina.

## Jurisdiction and Venue

4. Jurisdiction in this matter is based upon 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

5. Venue lies in this judicial district by virtue of 28 U.S.C. § 1391(a)(2).

## Facts

6. Republic Bank ("Republic") was a construction mortgage lender for Wilmington Hospitality and its Principals in conjunction with the construction of a hotel in New Castle County, Delaware formerly known as the Wilmington Radisson Hotel (the "Hotel").

7. On or about June 29, 2001 ("Petition Date"), Wilmington Hospitality filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The matter is currently pending before the Honorable Diane Weiss Sigmund as Bankruptcy No. 01-19401.

8. Great American Leasing Corporation ("GALC") is a party to an equipment finance contract (the "Lease"), which was personally guaranteed by the Principals, pursuant to which kitchen equipment ("Kitchen Equipment") was provided to Wilmington Hospitality to be used in the operation of the Hotel.

9. On October 10, 2001, Republic filed a motion seeking relief from the automatic stay, and on November 29, 2001, a "Stipulation and Settlement Agreement for Relief from the Automatic Stay" (the "Stipulation") was filed. Although the Principals were parties to the

Stipulation, GALC was not and the Stipulation was approved by the Bankruptcy Court on December 4, 2001. A true and correct copy of the Stipulation is attached hereto as Exhibit "A".

10. On or about July 31, 2003, the Debtor's Fourth Amended Plan (the "Plan") dated February 7, 2003, was granted nunc pro tunc to March 19, 2003. Copies of the Plan and the Order approving the Plan are attached hereto as Exhibit "B".

11. The Stipulation required that Wilmington Hospitality provide Republic a Bill of Sale conveying all of the personal property located in the Hotel (but excluding the Kitchen Equipment). The Stipulation further provided in relevant part:

> In the event that Republic (in its sole discretion) elects not to assume/payoff the GLC (GALC) Lease, the WH (Wilmington Hospitality) and/or GLC (at the election of GLC) shall remove the Kitchen Equipment within 20 days of a written request from Republic or thereafter, the Kitchen Equipment will be deemed abandoned to Republic (free and clear of any claims of GLC and WH).

12. Pursuant to the Plan, GALC, who had a secured claim against the Debtor for $295,000.00, was to take possession of the kitchen equipment and sell it. If there was any deficiency of the amount Debtor owed to GALC over and above the amount recovered by GALC following the sale of the Kitchen Equipment, GALC was to have an unsecured claim for the deficiency.

13. On or about June 11, 2004, Republic merged into Branch Banking (the "Merger"). Copies of documents evidencing the Merger are attached hereto as Exhibit "C".

## COUNT I

### Breach of Settlement Agreement

14. Paragraphs 1 through 13 are incorporated herein by reference.

15. A settlement agreement is enforceable as a contract. See Loppert v. Windsortech, Inc., 2004 De. Ch. Lexis 12, at 5 (Del., June 11, 2004)(citing Heiman Aber & Goldlust v.

Ingram, 1998 Del. Super. Lexis 251 (Del. Super. May 14, 1998)). Where a party breaches a settlement agreement the non-breaching party may recover damages measured under state law governing breach of contract. See GE Harris Railway Electronics, L.L.C. v. Westinghouse Air Brake Company, 2004 U.S. Dist. Lexis 16329, 37 (citing Gjerlov v. Schuyler Laboratories, Inc., 131 F.3d 1016, 1024 (Fed. Cir. 1997)).

16. Republic breached the Stipulation by claiming ownership and exercising dominion and control over the Kitchen Equipment that was the subject of the Lease and prohibiting GALC from taking possession of the equipment.[1]

17. The breach of the Stipulation by Republic has resulted in injury to Wilmington Hospitality and the Principals, all of whom were parties to the Stipulation, since GALC was not permitted to auction the Kitchen Equipment as was mandated by the Plan and the Stipulation. Since GALC was never permitted to auction the Kitchen Equipment to reduce its unsecured claim, GALC has asserted a deficiency claim against Wilmington Hospitality for $170,000.00, which is personally guaranteed by the Principals.

18. As a result of the Merger, Branch Banking is responsible for the liabilities of Republic to Wilmington Hospitality and the Principals.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendant in the amount of $170,000.00 plus interest, costs and such other relief as this Court deems is just and proper.

---

[1] In her Opinion dated January 10, 2005 denying the Debtor's motion to expunge the unsecured claim of GALC, attached hereto as Exhibit "D", Judge Sigmund stated in relevant part:

> On June 3, 2002 Bank gave notice to GALC to remove the Equipment by June 14, 2002 setting forth certain conditions of "extension". However, when GALC attempted to do so, it was blocked by Bank for reasons that are alluded to but not dispositive of this Motion. Suffice it to say that GALC was unable to recover the Equipment.

(Exhibit "D", pages 2-3).

## COUNT II

## UNJUST ENRICHMENT

19. Paragraphs 1 through 18 are incorporated herein by reference.

20. Unjust enrichment is defined as "the unjust retention . . . of money or property of another against fundamental Principles of justice or equity and good conscience." Fleer Corp. v. Topps Chewing Gum. Inc., 539 A.2d 1060, 1062 (Del.Supr. 1988). A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. Id., at 1062. A person who has been unjustly enriched at the expense of another is required to make restitution to the other. Id., at 1062.

21. In the Stipulation, Wilmington Hospitality agreed that it would release any claim it had to the Hotel, and allow Republic Bank to take possession of the Hotel, provided GALC was given an opportunity to take possession of the Kitchen Equipment.

22. The purpose of the Stipulation provision concerning the Kitchen Equipment was to minimize or eliminate any unsecured claim GALC would have against Wilmington Hospitality after the Kitchen Equipment was sold at an auction.

23. Wilmington Hospitality and the Principals are entitled to restitution from the Defendant for any balance owed to GALC pursuant to the principles of unjust enrichment since Republic Bank unjustly retained the Kitchen Equipment in violation of the Plan and the Stipulation.

24. The unjust retention of the Kitchen Equipment by Republic Bank in violation of the Plan and the Stipulation has resulted in injury to Wilmington Hospitality and the Principals, all of whom were parties to the Stipulation, since GALC was never permitted to auction the

Kitchen Equipment. Since GALC was never permitted to auction the Kitchen Equipment to reduce its unsecured claim, GALC has asserted a deficiency claim against Wilmington Hospitality for $170,000.00, which is personally guaranteed by the Principals.

25. As a result of the Merger, Branch Banking is responsible for the liabilities of Republic to Wilmington Hospitality and the Principals.

**WHEREFORE,** the Plaintiffs pray for judgment against the Defendant in the amount of $170,000.00 plus interest, costs and such other relief as this Court deems is just and proper.

**Respectfully submitted,**

Albert A. Ciardi, III, Esquire
JANSSEN KEENAN & CIARDI, P.C.
One Commerce Square, Suite 2050
2005 Market Street
Philadelphia, PA 19103
(215) 665-8887
Attorney for Plaintiff

and

By: _____
Robert Daniel Ardizzi, Esquire
DAVIS, BUCCO & ARDIZZI
2 North Colonial Avenue
Elsmere, DE 19805
(302) 345-9808
Attorney for Plaintiff

Dated: March 22, 2005