# EXHIBIT "A"

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOV 29 2001

| | |
|---|---|
| IN RE: | ) |
| | ) |
| WILMINGTON HOSPITALITY LLC, | ) Case No. 01-19401-DWS |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) |

**STIPULATION AND SETTLEMENT AGREEMENT FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION 362**

This Stipulation and Settlement Agreement for Relief from the Automatic Stay Under Section 362 ("Stipulation") is entered into this __ day of November, 2001 by and between Republic Bank ("Republic"), Wilmington Hospitality LLC ("WH"), Joseph L. Capano ("Capano"), Albert A. Vietri ("Vietri"), J.Y.D., Inc. ("JYD") and the Official Committee of Unsecured Creditors ("Committee"), by and through its undersigned counsel, Klehr, Harrison, Harvey, Branzburg & Ellers.

## BACKGROUND

A.  WH is the owner of the property located at 401 Airport Road, New Castle County, Delaware 19720 (the "Hotel"). The Tax Parcel Number for the Hotel is 10-013.00-001. As of the date of this Stipulation, the Hotel is substantially complete, but is not open to the public because the New Castle County Department of Land Use (the "County") will not issue the required permits. In addition, WH leases ("GLC Lease") substantially all of its kitchen equipment located at the Hotel ("Kitchen Equipment") from Great American Leasing Company ("GLC").

B.  JYD is the owner of certain real property adjacent to the Hotel consisting of approximately 19 acres and known as New Castle County Tax Parcel No. 10-013.00-005 and

113397.00601/20960295v1

described beginning at Book 1011, Page 0034 in the Records of the New Castle County Recorder of Deeds ("Adjacent Parcel").

C. On or about July 28, 1998, WH executed a Promissory Note ("Note") in the principal amount of $13,600,000 in favor of Republic.

D. The Note was secured by a duly recorded mortgage on the Hotel (and personal property located therein) entitled First Construction Mortgage, Security Agreement and Fixture Filing, also dated July 28, 1998 (the "Mortgage"). The Mortgage was duly recorded in the Office of the Recorder of Deeds, in and for New Castle County, Delaware, in Book 5396, Pages 0269 *et seq*. The Note was further secured by (1) an assignment of certain rights as more fully set forth in a certain Collateral Assignment of Construction Contracts, Architect's Contract, Permits, Approvals, Licenses and Development Rights dated July 28, 1998 ("Assignment"); and (ii) UCC-1 financing statements filed with the Secretary of State of Delaware on August 10, 1998, Filing No. 19980036546 ('Financing Statement"). The WH's assets secured by a lien in favor of Republic under the aforementioned documents and hereinafter referred to as "Collateral".

E. The express terms of the Note required WH to make payments on the first day of each month, from September 1, 1998 through the maturity date of August 7, 2000 (the "Maturity Date") and provide that all amounts, including principal, interest and other charges due under the Note, are due on the Maturity Date.

F. On April 19, 2000, WH executed and delivered to Republic the First Amendment to Promissory Note (the "Amended Note") evidencing an additional advance in the amount of $1,700,000.

2

G.  The Amended Note increased the amount of the loan but did not change the borrower's payment terms or obligations.

H.  In conjunction with the execution of the Amended Note, a First Amendment to Mortgage and to Collateral Agreement of Leases and Rents was also executed and duly recorded (the "Future Advance") evidencing the additional $1,700,000 advance. The Future Advance was duly recorded in the Office of the Recorder of Deeds, in and for New Castle County, Delaware, in Book 2821, Pages 0075, *et seq*. The Note, Amended Note, Mortgage, Assignment, Future Advance and Financing Statement collectively hereinafter referred to as "Pre-Petition Documents".

I.  WH filed a complaint for relief against the County on October 18, 2000 seeking a temporary restraining order and preliminary injunction to permit the Radisson Hotel and Suites to open. *See Wilmington Hospitality, L.L.C. v. New Castle County acting by and through the New Castle Department of Land Use,* Del. Ch., C.A. No. 18436 (Docket Index 001) (the "WH Chancery Complaint").

J.  Republic filed a complaint in intervention on October 25, 2000 in the above captioned action in order to preserve its rights as lender in the collateral and prevent further irreparable harm to Republic's right in the Collateral.

K.  On December 26, 2000, Republic instituted foreclosure proceedings in the Superior Court of the State of Delaware, Civil Action No. 00L12063-JEB ("Foreclosure Complaint"). WH asserted numerous defenses and counterclaims which have been denied by Republic.

L.  On January 9, 2001 Republic filed a Petition for the Appointment of a Receiver

3

113397.00601/20960295v1

Perdente Lite ("Receiver Action"). This chapter 11 filing was made just prior to the hearing on the Receiver Action.

M. On or about February 28, 2001, Republic filed a Complaint against Vietri and Capano in the Superior Court of the State of Delaware, C.A. No. 01C-02-260 SPL ("Guaranty Action") seeking to recover a judgment against them under their guaranty obligations of all sums due and owing by WH to Republic. Vietri and Capano have asserted numerous counterclaims and defenses which have been denied by Republic.

N. On or about June 29, 2001 ("Petition Date") WH filed a petition for relief under Chapter 11 of the United States Bankruptcy Code and remains in possession of its assets and continues to operate its business as a debtor-in-possession.

O. On or about August 28, 2001, WH filed a Motion for Authority to Use Cash Collateral consisting of approximately $250,000.00 in insurance proceeds due from PMA Insurance Co. ("Cash Collateral") to WH as a result of certain flood damage which occurred to the Hotel. On September 17, 2001 and October 22, 2001, this Court entered Orders regarding the use of Cash Collateral (collectively "Cash Collateral Orders").

P. On or about July 2, 2001, Debtor filed a Motion Pursuant to Bankruptcy Code Section 102, 363 and 365 setting an expedited hearing in connection with the proposed sale of substantially all of the Debtor's assets, free and clear of liens, claims and encumbrances ("Sale Motion") to MSJ Realty Trust, Inc. ("MSJ").

Q. On or about October 10, 2001, Republic filed a Motion for Relief from the Automatic Stay under Section 362 or, in the alternative, to dismiss the Chapter 11 case under Section 1112, or in the alternative, for abstention under Section 305 ("Republic Stay Motion").

4

113397.00601/20960295v1

The hearing on the Republic Stay Motion commenced on November 6, 2001 and continued on November 7, 2001.

R.    At the hearing on November 7, 2001, WH withdrew the Sale Motion with respect to MSJ and requested that the Court approve a Hotel Purchase and Sale Agreement between WH and Reese Hotels, LLC ("Reese") which agreement was dated November 2, 2001 ("Hotel Sale Agreement").

S.    The parties are desirous of amicably resolving their differences without the need for continued costly and protracted litigation.

NOW, THEREFORE, with the foregoing background being incorporated hereinafter, WH, Republic, Committee, Vietri, Capano and JYD intending to be legally bound hereby, promise and agree as follows:

1.    In consideration for the terms of this Stipulation, WH, Vietri, Capano and the Committee confirm that as of November 6, 2001, WH, Vietri and Capano are indebted to Republic for advances previously made to WH under the Pre-Petition Documents in the aggregate amount of $19,195,081.94, plus costs and attorney's fees, as well as ongoing interest subsequent to November 6, 2001 (collectively "Republic Indebtedness"), and further confirm that all such indebtedness is valid and owing to Republic and there are no set-offs, counterclaims, deductions or charges to or against the Republic Indebtedness or Republic.

2.    In consideration for the terms of this Stipulation, WH, Capano and Vietri, hereby remise, release and forever discharge Republic, its shareholders, partners, employees, executives, principals, officers, directors, joint venturers, subsidiaries, parents, affiliates, agents, representatives, attorneys, assigns, predecessors and successors, jointly and severally

5

(collectively "Releasees") of and from any and all manner of actions, causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever in law or in equity, including without limitation any claims raised in the answer to Foreclosure Complaint or Guaranty Action, which WH, Vietri, or Capano have or could have asserted against Releasees or which WH, Vietri or Capano now, can or may ever have against Releasees from the beginning of the world to the date set forth above.

3. As security for the Republic Indebtedness, WH, Vietri, Capano and the Committee confirm that WH granted to Republic an assignment of, first lien on and security interest in the Collateral (subject to any other valid and enforceable liens, if any, on WH's assets existing as of the Petition Date) and WH, Vietri, Capano and the Committee have no basis to challenge the extent, validity or priority of Republic's lien on the Collateral.

4. As of the date of this Stipulation, WH and Committee confirm that subject to the terms of this Stipulation, Republic shall be deemed to have been granted unconditional relief from the automatic stay provisions of Section 362 of the Bankruptcy Code and, subject to the terms of this Stipulation, may proceed to pursue the Foreclosure Complaint and Guaranty Action without further Order of this Court. Capano, Vietri, WH and the Committee agree that the relief from the automatic stay provisions of Section 362 granted herein are with prejudice and that none of the aforementioned parties may seek to re-impose the stay provisions under Section 362 (or Section 105) of the Bankruptcy Code so long as Republic is complying with the terms and conditions of this Stipulation.

5. Contemporaneously with the execution of this Stipulation, the following documents will be delivered to Blank Rome Comisky & McCauley LLP ("Escrow Agent") who will hold the same in escrow in accordance with the terms of this Stipulation (and/or any escrow

agreement that may be executed by the parties):

(a) Deed in lieu of foreclosure duly notarized and executed in recordable form wherein WH conveys all of its right, title and interest in the Hotel to Republic (or its assignee) in the form attached hereto as Exhibit "A" ("Hotel Deed");

(b) A Stipulation For Entry Of Final Judgment In Connection with the Foreclosure Complaint in the form attached hereto as Exhibit "B" ("Final Judgment");

(c) A special warranty deed conveying good and marketable title to the Adjacent Parcel, free and clear of all covenants, liens, easements, restrictions, encumbrances and insurable at normal rates by a reputable title company licensed to do business in the State of Delaware in accordance with the form of deed attached hereto as Exhibit "C" ("Adjacent Parcel Deed");

(d) A Release Agreement executed by Republic in favor of WH in the form attached hereto as Exhibit "D" ("Debtor Release");

(e) A Release Agreement executed by Republic in favor of Vietri in the form attached hereto as Exhibit "E" ("Vietri Release");

(f) A Release Agreement executed by Republic in favor of Capano in accordance with the form attached hereto as Exhibit "F" ("Capano Release", collectively with the Vietri Release, "Guarantor Releases");

(g) Bill of Sale from WH conveying all of the personal property located at the Hotel (but excluding the Kitchen Equipment) in the form attached as Exhibit "G" ("Bill of Sale");

7

(h) Assignment of Mortgage, Note and other Collateral Security wherein Republic will assign its Mortgage, Note and Other Collateral Documents to a party designated by WH in accordance with the form of Assignment of Mortgage and Note Agreement attached hereto as Exhibit "H", such Assignment to be made without recourse, representation or warranty (hereinafter "Republic Assignment Agreement); and

(i) Executed Affidavits reciting applicable exemptions from transfer taxes relating to the Hotel Deed and Adjacent Parcel Deed (collectively "Transfer Affidavits") in the form attached as Exhibit "I".

6. On or before December 5, 2001, WH, Vietri or Capano shall deliver to Escrow Agent the sum of $350,000.00 by way of wire transfer or certified funds ("Initial Deposit"). Contemporaneously with Escrow Agent's receipt of the Initial Deposit, the Initial Deposit shall be delivered to Republic and the same may be applied by Republic to the Republic Indebtedness towards costs and interest, in Republic's sole discretion. If the Initial Deposit is not received by the close of business on December 5, 2001 then, (i) Escrow Agent may release the Hotel Deed, Adjacent Parcel Deed, Bill of Sale, Transfer Affidavits and Final Judgment to Republic who shall be authorized to record the same and otherwise proceed to exercise all of its rights and remedies against the Hotel. If Republic records the Hotel Deed, then Republic shall have ten (10) days from the date of recordation to advise WH and counsel for GLC whether Republic (in its sole and absolute discretion) will be paying-off the GLC Lease. In the event that Republic (in its sole discretion) elects not to assume/payoff the GLC Lease, then WH and/or GLC (at the election of GLC) shall remove the Kitchen Equipment within 20 days of a written request from Republic or thereafter, the Kitchen Equipment will be deemed abandoned to Republic (free and clear of any claims of GLC and WH).

8

7. If WH (Vietri or Capano) delivers the Initial Deposit on or before December 5, 2001, then WH and Republic agree that WH shall have the option to satisfy or with the consent of the Committee to direct assignment of the Bank's claim, mortgage and other security documents as follows:

(a) If WH (or its nominee) pays to Republic an additional $13,650,000.00 on or before December 31, 2001, Republic shall satisfy or subject to the conditions set forth herein, assign its claims and mortgages in accordance with the Republic Assignment Agreement and thereafter, Escrow Agent shall return to WH the Hotel Deed, Adjacent Parcel Deed, Final Judgment, Bill of Sale, Debtor Release and Guarantor Releases from escrow; or

(b) If WH (or its nominee) pays to Republic an additional $13,850,000.00 on or before March 31, 2002, Republic shall satisfy or subject to the conditions set forth herein, assign its claims and mortgages in accordance with the Republic Assignment Document, and thereafter the Escrow Agent shall deliver to WH the Hotel Deed, Adjacent Parcel Deed, Bill of Sale, Final Judgment, Debtor Release and Guarantor Releases.

(c) If WH seeks to have Republic assign its claims and mortgages as permitted hereunder, WH shall first file a motion seeking authority to direct assignment ("Assignment Motion") on notice to creditors and parties in interest. If no objection or request for hearing is received, the Debtor shall be authorized to direct the assignment of the Republic claims and mortgages without further order of this Court. The Assignment Motion shall not otherwise effect or impair the rights and time deadlines contained in this Stipulation (including the rights and deadlines referenced in 7(a) and (b) above in favor

9

113397.00601/20960295v1

of Republic) and Debtor agrees that the Assignment Motion shall be heard on no less than 15 days notice to creditors and parties in interest.

If WH makes the Initial Deposit but fails to make the payment in paragraph 7(b) above by March 31, 2002 ("Termination Date"), then Escrow Agent shall be authorized to release the Final Judgment, Bill of Sale, Hotel Deed, Transfer Affidavits and Adjacent Parcel Deed to Republic and they may record the same and otherwise proceed to foreclose upon the Hotel; provided, however, that the Termination Date may be extended until April 29, 2002 if the following occurs:

> i. If on or before March 15, 2002, Reese (or such other buyer as WH designates in writing to Republic) presents Republic with a letter (1) waiving all conditions to closing under the Reese Sale Agreement (or such other Purchase Agreement then in existence), (2) agreeing that the deposit under the Hotel Sale Agreement in the amount of $300,000.00 ("Hotel Deposit") is nonrefundable under all circumstances, and (3) setting a firm closing date within forty-five (45) days thereafter;
>
> ii. WH pays Republic the sum of $125,000.00 for a thirty (30) day extension of the Termination Date (which sum shall be in addition to all other payments due and owing under this Stipulation (and shall be paid even if the extension requested is for less than a thirty (30) day period); and
>
> iii. Counsel for WH delivers the Hotel Deposit to Republic (which Hotel Deposit shall thereafter be retained and applied by Republic in its sole discretion to interest and/or fees),

then Bank agrees to extend the Termination Date by a period not to exceed thirty (30) from March 29, 2002.

8.  The Guarantor Releases may only be released by Escrow Agent to Capano and Vietri if and only if Republic receives the Initial Deposit on or before January 31, 2002 ("Guarantor Termination Date") and the Plans (as hereinafter defined) are delivered to Republic. If the Initial Deposit is not received by the Guarantor Termination Date, then (i) Escrow Agent

shall mark the Debtor Release and Guarantor Releases "Null and Void" and the same shall be unenforceable and (ii) Bank may proceed to exercise its rights in the Guaranty Action to collect the full Republic Indebtedness. Republic, Vietri and Capano shall jointly request that the trial on the Guaranty Action in the State of Delaware be continued until a date no earlier than February 28, 2002. Notwithstanding the foregoing, Capano and Vietri acknowledge and confirm that the Guarantor Releases shall be deemed null and void (notwithstanding delivery of the same to them and as if such releases had never been given) if (i) Capano, Vietri, JYD, Committee or WH takes any action to interfere with the Foreclosure Complaint or recordation of any of the documents referenced in Paragraph 5(a)-(i) or (ii) any claim or cause of action is asserted against Republic by any third party (other than New Castle County) because of a claim or cause of action asserted by WH, Committee, Capano, JYD or Vietri, relating to WH, the Hotel or Adjacent Parcel; provided, however that as to Paragraph 8(ii), Republic agrees that the Guarantor Releases are deemed null and void only to the extent of the damages or claims asserted against Republic (and any attorney fees incurred by Republic) by such third party and not for the full amount of the Republic Indebtedness.

9. WH and Republic agree that so long as the Initial Deposit is made on or before December 5, 2001, then the trial and any further action on the Foreclosure Complaint shall not be reinstated until on or after April 1, 2002 (or April 29, 2002 in the event that the Extension Payment is paid in accordance with the provisions of paragraph 7 above).

10. Notwithstanding the terms of the Cash Collateral Orders, WH and Republic agree that the insurance proceeds, if and when received by Escrow Agent (which shall be maintained by Escrow Agent in a non-interest bearing account, "Escrow Account"), may be used for payment of insurance of the Hotel, heat, replacement or repair of damaged furniture,

fixtures and equipment resulting from the flooding of the Hotel, maintenance of the building and other repairs at the request of WH and if and only if there is no default under this Stipulation. For the purposes of this paragraph only, WH agrees that the failure to pay the Initial Deposit by December 5, 2001 or the occurrence of any event referenced in the last sentence of paragraph 8 shall be deemed an Event of Default. Upon the occurrence of an Event of Default under this Stipulation, Escrow Agent may deliver to Republic any remaining cash collateral being held with Escrow Agent; provided, however, that Republic agrees that Escrow Agent may, if and only if, any insurance proceeds in the Escrow Account are available, pay any bills submitted by WH to Republic and Escrow Agent for payment prior to the occurrence of the Event of Default.

11. Effective upon Republic's receipt of the Initial Deposit, Republic agrees that it shall be deemed to have waived any further security interest in any claims that WH has against any of WH's professionals for construction and design issues relating to the Hotel and/or any of WH's claims against New Castle County and its officers. The Guarantor Releases and Debtor Release shall provide for a clawback (i.e. the same shall be deemed reinstated) to the extent that Republic is imp leaded or joined by any third party in any actions commenced by WH, Vietri or Capano relating to WH or the Hotel (but such clawback shall not apply to any actions of New Castle County, or its officers).

12. WH agrees that it shall not seek approval of any sale of the Hotel other than to Reese without the express approval of the Bankruptcy Court, on Notice to creditors and parties in interest and subject to the Bank's right to object. As further consideration for this Stipulation, WH agrees that the Hotel Sale Agreement may be approved provided that the Order of the Court approving the sale to Reese is limited and so long as Reese agrees that:

    i. Reese waives the right to lend $300,000.00 or any other amounts

12

113397.00601/20960295v1

to WH and otherwise agrees that it shall not now or in the future seek to prime Republic's liens on the Hotel;

      ii.    Waives all claims against Republic, (its officers, directors, shareholders, agents and employees) in the event that Republic forecloses upon the Hotel in accordance with the provisions of this Stipulation;

      iii.    Acknowledges its Hotel Sale Agreement is unconditionally subordinate to Republic's Mortgage; and

      iv.    Acknowledges that Republic may retain and apply the Hotel Deposit in accordance with the terms of paragraph 7 above.

13.    As additional consideration for Republic's agreement hereunder:

      i.    WH shall provide Republic (or its assignee) with copies of all architectural, plumbing, electrical, mechanical and other plans, specifications and drawings relating to the Hotel as identified on Exhibit "J" attached hereto ("Plans"), to be delivered to Republic on or before December 10, 2001; and

      ii.    JYD grants Republic (or its assignees, agents and professionals) a limited license prior to its potential recordation of the deed for the Adjacent Parcel, to enter the Adjacent Parcel and perform any environmental studies, however, until there is an event of default there shall be no removal or disturbance of the ground other than in connection with the preparation of a Phase I Environmental Report (at the election of Republic).

14.    WH, Republic, Capano, Vietri and JYD confirm and warrant that:

      (a)    The execution and delivery by each of this Stipulation and the performance by them of the transactions herein contemplated are and will be within their corporate powers, have been and will be duly authorized, and are not and will not be in contravention of any order of court or other agency of government, of law or the terms of their Articles of Incorporation, By-Laws, partnership agreement, operating agreement, or of any indenture, agreement or undertaking to which they are parties or by which any of them or the property of any of them is bound, or be in conflict with, result in a breach of or constitute (with due notice and/or lapse of time) a default under any such indenture, agreement or undertaking, or result in the imposition of any lien, charge or encumbrance

13

of any nature on any of the properties of any of them.

   (b) This Stipulation and any assignment or other document when delivered, will be valid and binding in accordance with their respect terms.

  15. JYD represents and warrants that the Adjacent Parcel is free and clear of all liens, encumbrances and security interests and that no liens, encumbrances or claims will be voluntarily filed against the Adjacent Parcel, and that JYD will promptly discharge all liens or encumberances when due, including, but not limited to any property taxes which are currently due and owing.

  16. The Bankruptcy Court shall retain jurisdiction over the parties to enforce the terms of this Agreement. The substantive laws of the State of Delaware shall apply to the terms of this Stipulation.

  17. This Stipulation represents the entire understanding of the parties hereto regarding the subject matter hereof and may not be amended or modified without the written consent of all parties. This Stipulation may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute on and the same instrument.

  18. Nothing contained herein shall constitute an admission against interest with respect to Republic. Nothing contained herein shall constitute a release of any claims or

causes of action by WH, Committee, Vietri or Capano against New Castle County (or its agents, attorneys, officers and employees).

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date first above written.

WILMINGTON HOSPITALITY LLC

By:_____
    Name:
    Title:

J.Y.D., INC.

By:_____
    Name:
    Title:

_____
Joseph L. Capano

_____
Albert A. Vietri

REPUBLIC BANK

By:_____

BLANK ROME COMISKY & MCCAULEY, LLP

By: /s/ Joel C. Shapiro
    Joel C. Shapiro, Esquire
    One Logan Square, 3rd Floor
    Philadelphia, PA 19103

On behalf of Republic Bank and as Escrow Agent

15

113397.00601/20958542v3

causes of action by WH, Committee, Vietri or Capano against New Castle County (or its agents, attorneys, officers and employees).

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date first above written.

WILMINGTON HOSPITALITY LLC

By: _____
Name:
Title: *Manager Partner*

J.Y.D., INC.

By: _____
Name:
Title: *Vice President*

_____
Joseph L. Capano

_____
Albert A. Vietri

REPUBLIC BANK

By: _____

BLANK ROME COMISKY & MCCAULEY, LLP

By: _____
Joel C. Shapiro, Esquire
One Logan Square, 3rd Floor
Philadelphia, PA 19103

On behalf of Republic Bank and as Escrow Agent

15

causes of action by WH, Committee, Vietri or Capano against New Castle County (or its agents, attorneys, officers and employees).

IN WITNESS WHEREOF, the parties have executed this Stipulation as of the date first above written.

WILMINGTON HOSPITALITY LLC

By:_____
      Name:
      Title:

J.Y.D., INC.

By:_____
      Name:
      Title:

_____
Joseph L. Capano

_____
Albert A. Vietri

REPUBLIC BANK

By: _____
    Gerald P. Ademy
    Executive Vice President

BLANK ROME COMISKY & MCCAULEY, LLP

By:_____
      Joel C. Shapiro, Esquire
      One Logan Square, 3rd Floor
      Philadelphia, PA 19103

On behalf of Republic Bank and as Escrow Agent

15

113397.00601/20958542v3

KLEHR, HARRISON, HARVEY, BRANZBURG
& ELLERS LLP

By: _____
Morton R. Branzburg, Esquire
226 South Broad Street
Philadelphia, PA 19102

On behalf of the Committee