IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMINGTON HOSPITALITY, LLC, a Delaware limited liability company, JOSEPH L. CAPANO, SR., and ALBERT A. VIETRI,<br><br>          *Plaintiffs*,<br>v.<br><br>BRANCH BANKING & TRUST COMPANY, a foreign corporation,<br><br>          *Defendant*. | )<br>)<br>)<br>)<br>)   C.A. No. 05-180-KAJ<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND COUNTERCLAIM

Defendant Branch Banking & Trust Company ("Defendant" or "BB&T"), by and through its undersigned counsel, as its answer to the Complaint of Wilmington Hospitality, LLC ("WH"), Joseph L. Capano, Sr. ("Capano"), and Albert A. Vietri ("Vietri") (WH, Capano and Vietri, collectively "Plaintiffs") hereby states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. Admitted.

7. Admitted.

1

8.  This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied. The allegations of this paragraph referring to a "lease" constitute legal conclusions to which no response is required. It is specifically denied that the equipment finance contract referenced in this paragraph constitutes a true lease under applicable laws.

9.  This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

10. This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

11. This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

12. This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

13. It is admitted that Republic Bank and BB&T merged. The Court is respectfully referred to the merger documents themselves for the terms thereof. Any characterization of the terms thereof are denied.

## COUNT I – BREACH OF SETTLEMENT AGREEMENT

14. Defendant incorporates by reference the responses contained in the foregoing paragraphs as though fully set forth herein.

15. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. It is specifically denied that Republic breached the Stipulation.

17. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. It is specifically denied that Plaintiffs have been injured.

18. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant demands judgment dismissing the allegations of the Complaint with prejudice, together with all costs, interest, attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

19. Defendant incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

20. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21. This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

113397.00601/40153167v1

22. This paragraph references a written document which speaks for itself and the Court is respectfully referred to that document for the terms thereof. Any characterization of the terms thereof are denied.

23. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. It is specifically denied that Republic was unjustly enriched or that Plaintiffs have suffered injury.

25. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

WHEREFORE, Defendant demands judgment dismissing the allegations of the Complaint with prejudice, together with all costs, interest, attorneys' fees, and such other and further relief as the Court deems just and proper.

## ADDITIONAL DEFENSES

1. All or some portion of the Complaint fails to state a claim upon which relief may be granted against Defendant.

2. Venue may not lie in this judicial district based upon the pendency of WH's bankruptcy in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

3. This Court may lack jurisdiction over the subject matter of this action due to the retention of jurisdiction by the United States Bankruptcy Court for the Eastern District of Pennsylvania in the December 4, 2001 Order Granting Republic Bank Relief from the Automatic Stay Provisions of Section 362 and Approving Stipulation Regarding Relief from the Automatic Stay and Authorizing Use of Cash Collateral Under Section 363.

4. This Court may lack jurisdiction over the subject matter of this action due to the retention of jurisdiction by the United States Bankruptcy Court for the Eastern District of Pennsylvania pursuant to Section 16 of the November 29, 2001 Stipulation and Settlement Agreement for Relief from the Automatic Stay Under Section 362.

5. Plaintiffs' claims are barred by the doctrine of release.

6. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of res judicata.

7. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of estoppel.

8. The allegations of the Complaint may be barred, in whole or in part, on the basis of the doctrines of failure of consideration, fraud, illegality, acquiescence, ratification, payment, accord and satisfaction, and waiver.

9. Plaintiffs' claims are barred by the doctrine of unclean hands.

10. All or some portion of Plaintiffs' claims may be barred by the failure to perform a condition precedent under the terms of the Stipulation.

11. All or some portion of Plaintiffs' claims may be barred by the statute of frauds.

12. Plaintiff has failed to plead sufficiently a basis for the award of attorneys' fees against Defendant.

13. Certain of Plaintiffs' claims may be barred by the doctrine of laches or statute of limitations.

14. All or some portion of Plaintiffs claims may be barred by Plaintiffs' lack of damages.

...

**WHEREFORE**, Defendants respectfully request that the Court grant judgment in their favor on all counts of the Complaint and award them the costs of defending this action (including attorneys' fees) and such other relief as the Court deems just and proper.

## COUNTERCLAIM

Defendants and Counterclaim-Plaintiff Branch Banking & Trust Company ("BB&T" or "Counterclaim Plaintiff") by and through the undersigned counsel, hereby allege upon knowledge or information and belief, as indicated below, as follows:

1. Republic Bank is the predecessor-in-interest to defendant and counterclaim-plaintiff BB&T ("Republic Bank" or the "Bank").

2. Republic Bank was the construction lender for WH with respect to the property located at 401 Airport Road, New Castle County, Delaware, 19720 and formerly known as the Wilmington Radisson Hotel (the "Hotel").

3. Pursuant to two promissory notes executed by WH in favor of Republic Bank, the outstanding principal balance WH owed to Republic Bank was $15,300,000.00.

4. WH defaulted on its obligations to Republic Bank and on June 29, 2001 filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5. WH, Capano, Vietri, and Republic Bank were parties to a November 29, 2001 Stipulation and Settlement Agreement for Relief from the Automatic Stay Under Section 362 (the "Stipulation") (attached as Exhibit "A" to Plaintiffs' Complaint) filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

113397.00601/40153167v1

6. The Stipulation contains full and final releases of the Bank by WH, Capano and Vietri (the "Releases") as well as provisions requiring the payment of the Bank's attorneys' fees should WH, Capano or Vietri breach the Releases.

7. Under the Stipulation, the Bank was permitted to foreclose on the Hotel and on or about April 2, 2001, Republic filed a Stipulation of Full and Final Judgment in the Superior Court seeking judgment against WH. As of April 2, 2001, the total debt, including applicable delinquency charges, accumulated interest, attorneys' fees, court costs, and other fees, exceeded $19.2 million.

8. In preparation for the Hotel to be sold at Sheriff's Sale, the Notice to Lienholders, Tenants, Record Owners and Persons Having an Interest was provided to WH, among others, on or about September 24, 2002.

9. The Hotel was sold at Sheriff's Sale on October 8, 2002 to a special purpose entity wholly-owned by Republic Bank.

10. In May, 2003, Republic sold the Hotel to a third party at the commercially reasonable price, under all of the applicable circumstances, of $11.2 million, sustaining a loss of no less than $8 million.

## COUNT I – BREACH OF THE STIPULATION

11. Defendant and Counterclaim-Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

12. The Stipulation represents a valid and enforceable contract between WH, Capano, Vietri and Republic Bank.

13. WH, Capano and Vietri have breached the Releases provided in the Stipulation by bringing this action against the Bank.

14. As a result of WH, Capano and Vietri's breaches, the Bank has incurred damages in an amount no less than $8 million.

**WHEREFORE**, Defendant and Counterclaim-Plaintiff respectfully requests that the Court grant judgment in its favor on this Counterclaim and award it the costs of defending this action (including attorneys' fees) and such other relief as the Court deems just and proper.

BLANK ROME LLP

By: /s/ Elizabeth A. Wilburn
Neal C. Belgam (#2721)
Elizabeth A. Wilburn (#3666)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Attorneys for Defendant and Counterclaim-Plaintiff
BRANCH BANKING & TRUST COMPANY

Dated: May 6, 2005

113397.00601/40153167v1

## CERTIFICATE OF SERVICE

I, Elizabeth A. Wilburn, hereby certify that on this 6th day of May, 2005, I caused two copies of the foregoing Answer and Counterclaim to be delivered to the following in the manner indicated below:

### BY FIRST CLASS MAIL

Robert Daniel Ardizzi, Esquire
Davis, Bucco & Ardizzi
2 North Colonial Ave.
Elsmere, DE 19805

*Elizabeth A. Wilburn*