## THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILMINGTON HOSPITALITY, LLC, | : | |
| A Delaware limited liability company, | : | |
| JOSEPH L. CAPANO, SR., and ALBERT | : | |
| A. VIETRI, | : | |
| | : | C.A. No. 05-180-KAJ |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BRANCH BANKING & TRUST | : | |
| COMPANY, a foreign corporation, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS THE COMPLAINT


### BLANK ROME LLP


Neal C. Belgam (DE ID No. 2721)
Elizabeth A. Wilburn (DE ID No. 3666)
Michelle A. Bimson (DE ID No. 4381)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 428-6400
Dated:  October 20, 2005      Facsimile: (302) 425-6464


113397.00601/40156877v.2

# TABLE OF CONTENTS

Page No.

INTRODUCTION ...................................................................................................................1

NATURE AND STATE OF THE PROCEEDINGS.......................................................................3

STATEMENT OF FACTS ........................................................................................................4

    A.    The Parties............................................................................................................4

    B.    The Hotel Mortgages and the Kitchen Equipment Lease. ......................................4

    C.    Plaintiffs Default on Their Obligations to Republic. ..............................................5

    D.    Plaintiffs Default on the Kitchen Equipment Lease and GALC Is Awarded
          A Judgment (the "New Jersey Action")...................................................................6

    E.    WH Files For Bankruptcy Protection In Pennsylvania (the "Bankruptcy
          Action")................................................................................................................6

    F.    The Bankruptcy Stipulation ...................................................................................7

    G.    GALC Moves To Modify The Stipulation................................................................8

    H.    GALC Sues Republic In the Court Of Chancery for Removal Of the
          Kitchen Equipment (The "GALC Chancery Action")..............................................8

          1.    Capano And Vietri's Attempt To Intervene In The GALC
                Chancery Action. ...........................................................................................9

          2.    Republic and GALC Settle the GALC Chancery Action. ..........................10

    I.    The Bankruptcy Court Rules on the Value of the Kitchen Equipment..................10

    J.    Plaintiffs File District Court Action Against Republic. .........................................12

ARGUMENT.........................................................................................................................13

I.    PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL
    RULES OF CIVIL PROCEDURE 12(b)(6) and 12(c). .....................................................13

    A.    Legal Standard For A Motion To Dismiss Under Rule 12(b)(6). ..........................13

    B.    Legal Standard For A Motion For Judgment On The Pleadings Under Rule
          12(c). ..................................................................................................................13

II.    PLAINTIFFS' CLAIM FOR BREACH OF THE STIPULATION FAILS AS A
    MATTER OF LAW BECAUSE THE VALUE OF THE KITCHEN
    EQUIPMENT HAS BEEN PREVIOUSLY DETERMINED BY THE
    BANKRUPTCY COURT AND SHOULD BE DISMISSED UNDER THE
    DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.........................14

    A.    Res Judicata Bars Plaintiffs' Claims Because There Has Been A Final
          Judgment On The Merits In A Previous Action Between The Same Parties.........14

          1.    The Bankruptcy Court's January 10, 2005 Decision Is A Final
                Judgment On The Merits. ...........................................................................15

i

|   | 2. | Plaintiffs Assert The Same Basis For Relief As They Did in the Bankruptcy Court. | 16 |
|   | 3. | The Party To Be Estopped Is The Same In Both Actions. | 19 |
| B. | | Collateral Estoppel Bars Plaintiffs' Claims Because The Issue Is The Same In This Case As The Previous Case, The Plaintiffs Had A Full And Fair Opportunity To Litigate The Issue, And The Issue Was Necessary To The Final Outcome. | 20 |
|   | 1. | The Issue Determined In The Bankruptcy Action Is The Same Issue Before This Court. | 21 |
|   | 2. | The Issue Was Fully Litigated In The Bankruptcy Action. | 22 |
|   | 3. | The Bankruptcy Court's January 10, 2005 Decision Was A Valid And Final Judgment. | 23 |
|   | 4. | The Issue Was Necessary To The Outcome Of The Hearing. | 23 |

III.  PLAINTIFFS' BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ............................................................. 24

III.  PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ............................................................. 25

CONCLUSION ........................................................................................................................... 28

ii

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aiello v. City of Wilmington*,
  740 F. Supp. 414 (D.Del. 1979), aff'd, 623 F.2d 845 (3d Cir. 1980)...........................15

*Barber v. Barber*,
  323 U.S. 77 (1944)...............................................................................................15, 23

*Cardio-Medical Associate, Ltd. v. Crozer-Chester Medical Crt.*,
  536 F. Supp. 1065 (E.D.Pa. 1982) ..............................................................................13

*CoreStates Bank, N.A. v. Huls America, Inc.*,
  176 F.3d 187 (3d Cir. 1999)........................................................................................15

*In re DVI, Inc.*,
  324 B.R. 548 (D.Del. 2005) ........................................................................................15

*Eastern Minerals & Chemicals Co. v. Mahan*,
  225 F.3d 330 (3d Cir. 2000)...................................................................................14, 16

*In re Federal-Mogul Global, Inc.*,
  330 B.R. 133 (D. Del. 2005)..........................................................................................7

*In re General Motors Class E Stock Buyout Sec. Litig.*
  694 F. Supp. 1119 (D.Del. 1988)................................................................................14

*Matter of Genesis Health Ventures, Inc.*,
  324 B.R. 510 (Bankr.D.Del. 2005) .......................................................................*passim*

*Harper Plastics, Inc. v. Amoco Chemicals Corp.*,
  657 F.2d 939 (7th Cir. 1981) ......................................................................................15

*In re Indian Palms Assocs., Ltd.*,
  61 F.3d 197  (3d Cir. 1995)...........................................................................................7

*Katchen v. Landy*,
  382 U.S. 323 (1966).............................................................................................15, 16

*Lubrizol Corp. v. Exxon Corp.*,
  929 F.2d 960 (3d Cir. 1991)........................................................................................16

*Neoplan USA Corp. v. Taylor*,
  604 F. Supp. 1540 (D. Del. 1985)..........................................................................20, 21

*Oneida Motor Freight, Inc., v. United Jersey Bank,*
     848 F.2d 414 (3rd Cir. 1988) ........................................................................................17

*In re Peregrine Systems, Inc.,*
     311 B.R. 679 (D. Del. 2004) .........................................................................................8

*Southmark Prime Plus, L.P. v. Falzone,*
     776 F. Supp. 888 (D.Del. 1991) ...................................................................................13

*States Bank, N.A.U. v. Huls Inc.,*
     176 F.3d 187 (3d Cir. 1999)..........................................................................................14

*Testerman v. International Union,*
     288 F. Supp. 2d 633 (D.Del. 2003)...............................................................................16

*U.S. v. Government of Virgin Islands,*
     363 F.3d 276 (3d Cir. 2004)....................................................................................16, 23

*In re Wilmington Hospitality LLC,*
     320 B.R. 73 (Bankr. E.D. Pa. 2005) ...................................................................... *passim*

*Witkowski v. Welch,*
     173 F.3d 1992 (3d Cir. 1999)...................................................................................21, 22

## FEDERAL CASES

*Burke v. Timothy's Restaurant,*
     2005 WL 1801684 (D.Del. July 29, 2005) ...................................................................14

*Dilorenzo v. Edgar,*
     2004 WL 609374 (D.Del. March 24, 2004)...................................................................13

*In re Earned Capital Corp.,*
     2005 WL 2108696 (Bankr. W.D. Pa. Sept. 2, 2005) ....................................................15

*In re Wilmington Hospitality, LLC,*
     2003 WL 21011689 (Bankr. E.D. Pa. Apr. 18, 2003) ........................................9, 17, 26

## STATE CASES

*Breakaway Solutions, Inc. v. Morgan Stanley & Co. Inc.,*
     2004 WL 1949300 (Del. Ch. Aug. 27, 2004) ...............................................................25

*Empire Financial Services, Inc. v. Bank of New York,*
     2003 WL 22701442 (Del.Super. Nov. 13, 2003)..........................................................27

*Fleer Corp. v. Topps Chewing Gum, Inc.*,
    539 A.2d 1060 (Del. 1998) ......................................................................................25

*Fleet National Group, Inc. v. Advanta Corp.*,
    2001 WL 1333405 (Del. Ch. Oct. 15, 2001) ..............................................................26

*Goodrich v. E.F. Hutton Group, Inc.*,
    542 A.2d 1200 (Del. Ch. 1988)...................................................................................24

*Great America Leasing Corp. v. Republic Bank*,
    2003 WL 22389464 (Del. Ch. Oct. 3, 2003) ...............................................9, 10, 17, 26

*Great Lakes Chemical Corp. v. Pharmacia Corp.*,
    788 A.2d 544 (Del. Ch. 2001).....................................................................................24

*Integral Resources (PVT) Limited v. Istil Group, Inc.*,
    2004 WL 2758672 (D.Del. Dec. 2, 2004)....................................................................13

*Malpiede v. Townson*,
    780 A.2d 1075 (Del. 2001) .........................................................................................13

*Mells v. Billops*,
    482 A.2d 759 (Del. Super. 1984).................................................................................14

*Moore Business Form, Inc. v. Cordant Holdings Corp.*,
    1995 WL 662685 (Del. Ch. Nov. 2, 1995) ..................................................................24

*Orange Bowl Corp. v. Jones*,
    1986 WL 13095 (Del. Super. Oct. 16, 1986)..........................................................19, 20

*PSL Air Lease Corp. v. E.B.R. Corp.*,
    1972 WL 124882 (Del. Super. Sept. 28, 1972) ...........................................................20

*Pourzal v. Kroll-O'Gara Co.*,
    2005 WL 1364707 (D. V.I. June 7, 2005) .......................................................22, 23, 24

*Pursuit Athletic Footwear, Inc. v. Save Power Ltd.*,
    1996 WL 328596 (D. Del. 1996)..................................................................................5

*Smith v. Abounabet*,
    2004 WL 1284212 (Del.Super. May 28, 2004) ...........................................................24

*Total Care Physicians, P.A. v. O'Hara*,
    798 A.2d 1043 (Del. Super. 2001).........................................................................25, 26

v

*WSFS v. Chilliblly's, Inc.*,
  2005 WL 730060 (Del. Super. March 30, 2005) ....................................................25, 27

## FEDERAL STATUTES

11 U.S.C. §362 ........................................................................................................................7

Fed. R. Evid. 201 ...................................................................................................................7

Fed. R. Civ. P. 12(b) ...................................................................................................... passim

113397.00601/40156877v.2

## INTRODUCTION

Defendant Branch Banking & Trust Company, the successor in interest to Republic Bank ("Republic" or the "Bank") has been embroiled in litigation with Plaintiffs involving the hotel formerly known as the Wilmington Radisson Hotel (the "Hotel") for going on five years now. Stemming from Plaintiffs' 2000 default on the construction mortgage Republic provided to Plaintiffs for the Hotel, Republic has been forced to litigate with Plaintiffs Wilmington Hospitality, LLC ("WH"), Joseph L. Capano, Sr. ("Capano") and Albert A. Vietri ("Vietri"), both directly and indirectly, in the Delaware Court of Chancery, the Delaware Superior Court, the Bankruptcy Court for the Eastern District of Pennsylvania, and now this Delaware District Court. The purported basis for Plaintiffs having dragged Republic, yet again, into Court relates to Republic's settlement of a Chancery Court action with the kitchen equipment lessor for the Hotel and Plaintiffs' desire to offset that settlement amount against their own debt to the equipment lessor which has been reduced to judgment and allowed as an unsecured claim in WH's bankruptcy action. Plaintiffs' claims in this Court amount to nothing more than a recharacterization of the same issues previously determined by the Bankruptcy Court – the value of the kitchen equipment – dressed up as breach of contract and unjust enrichment claims. Nevertheless, Plaintiffs have previously litigated the fundamental claims and issues regarding the value of the kitchen equipment and a final judgment has been rendered on those issues in the Bankruptcy Court. There is no reason to litigate these claims and issues again in a different forum.

As a result, Plaintiffs' complaint should be dismissed on the pleadings: (i) as a matter of law under the doctrines of *res judicata* and collateral estoppel, and (ii) for failure to state a claim on which relief can be granted. First, revisiting and relitigating the issues regarding the value of the kitchen equipment needlessly risks inconsistent rulings, increases litigation costs and wastes

1

judicial resources.   Second, the Complaint does not allege *any* facts to support either of Plaintiffs' claims for breach of contract or unjust enrichment as a result of Republic's settlement with the kitchen equipment lessor.  Because the Bankruptcy Court has already determined that the settlement amount for the kitchen equipment was the best value available under the circumstances, Plaintiffs cannot establish a key element of either of its claims:  Plaintiffs were not damaged by the settlement, nor was Republic unjustly enriched.   Two courts in two jurisdictions have previously held that Plaintiffs do not even have an interest in the kitchen equipment.  Consequently, Plaintiffs' claims fail as a matter of law and Plaintiffs' complaint should be dismissed with prejudice in its entirety.

2

## NATURE AND STATE OF THE PROCEEDINGS

On March 22, 2005, WH, Capano and Vietri filed their complaint in this Court (the "Complaint"). Plaintiffs' Complaint alleges two counts: (1) breach of contract, and (2) unjust enrichment. The Complaint seeks $170,000.00 in damages. On May 6, 2005, defendant BB&T filed its answer and affirmative defenses and asserted a counter-claim for breach of contract. No discovery has been posed by either party.

The parties are scheduled to participate in a mediation conference with the Magistrate Judge in late November.

This is the Opening Brief of defendant BB&T in support of its motion to dismiss the Complaint and motion for judgment on the pleadings.

3

## STATEMENT OF FACTS[1]

### A.    The Parties.

Plaintiff Wilmington Hospitality, LLC ("WH") is a Delaware limited liability company with its principal place of business in Delaware. Compl. ¶1. WH was the special purpose entity formed to construct the building formerly known as the Wilmington Radisson Hotel (the "Hotel"). Compl. ¶6. Plaintiffs Joseph L. Capano, Sr. ("Capano") and Albert A. Vietri ("Vietri"), both residents of Delaware and local developers, are the two principals of WH. Compl. ¶¶2, 8.

Defendant BB&T is a financial banking institution incorporated in and principally conducting business in North Carolina. Compl. ¶3. On or about June 11, 2004, Republic Bank ("Republic" or the "Bank") merged with and into BB&T. Compl. ¶13. Republic was the construction/mortgage lender for the Hotel. Compl. ¶6. For purposes of this motion, BB&T will be referred to as Republic.

### B.    The Hotel Mortgages and the Kitchen Equipment Lease.

Capano and Vietri formed WH to construct the Hotel located at 401 Airport Road, New Castle County, Delaware. Compl. ¶6. Beginning in July, 1998, Republic and WH entered into certain promissory notes and construction mortgages in favor of Republic to finance the construction of the Hotel for WH in the principal amount of $15.3 million. Compl., Ex. A at 2-3; Counterclaim ¶3. Capano and Vietri personally guaranteed the $15,300,000 borrowed from Republic, excluding costs and interest. Compl. Ex. A., at 4.

---

[1] Defendant accepts as true the allegations of the Complaint only for the purposes of this Motion to Dismiss and for judgment on the pleadings.

4

In order to outfit the Hotel kitchen, WH also entered into an equipment lease on or about November 8, 1999, which was subsequently assigned to GreatAmerica Leasing Corporation ("GALC"), for the rental of certain kitchen equipment (the "Kitchen Equipment") to be used in the operation of the Hotel (the "Kitchen Equipment Lease"). Compl. ¶8. As they had with the Republic debt, Capano and Vietri personally guaranteed payment on the Kitchen Equipment Lease to the lessor. Compl. ¶8.

### C.    Plaintiffs Default on Their Obligations to Republic.

As of November, 2001, the Hotel was substantially complete, but had not opened to the public because the New Castle County Department of Land Use (the "County") refused to issue the necessary permits to allow the completion of the Hotel. Compl., Ex. A. at 1. Since the Hotel could not open for business due to the County's refusal to issue the required building permits, WH was unable to commence repayment to Republic in a timely manner and defaulted on the loan. *Id.* at 2-4. WH instituted preliminary injunction proceedings against the County to enjoin the issuance of a stop work order and to allow the Hotel to open. *Wilmington Hospitality, LLC v. New Castle County Dept. of Land Use,* Del. Ch., C. A. No. 18436.[2]

When WH defaulted, Republic initiated three suits against WH, Capano and Vietri in Delaware state court to protect the Bank's rights in and to the Hotel. First, Republic instituted foreclosure proceedings in the Superior Court of Delaware on December 26, 2000. Compl., Exhibit A at 3; *Republic Bank v. Wilmington Hospitality, LLC*, Del. Super., C.A. No. 00L-12-063-JEB. Next, on January 9, 2001, Republic filed a Petition for the Appointment of a Receiver Pendente Lite in the Court of Chancery. Compl., Exhibit A, at 3-4; *In re Wilmington Hospitality,*

---

[2] The Court may take judicial notice of public filings in other state court proceedings. *See Pursuit Athletic Footwear, Inc. v. Save Power Ltd.*, 1996 WL 328596, at *3, n.2 (D. Del. 1996) (taking judicial notice of complaint filed in Texas state court).

5

*LLC*, Del. Ch., C.A. No. 18605. Finally, on February 28, 2001, Republic filed a complaint in the
Superior Court against Capano and Vietri in their capacity as personal guarantors of the debt,
seeking to recover a judgment against them for all sums then due and owing by WH to Republic.
Compl., Exhibit A at 4; *Republic Bank v. Joseph Capano and Albert Vietri*, Del. Super., C.A.
No. 01C-02-260.

### D.  Plaintiffs Default on the Kitchen Equipment Lease and GALC Is Awarded A Judgment (the "New Jersey Action").

Plaintiffs' problems did not end with Republic. During this same time, WH also failed to
make any payments under the Kitchen Equipment Lease to the lessor. *In re Wilmington
Hospitality LLC*, 320 B.R. 73, 74 (Bankr. E.D. Pa. 2005) (memorandum opinion attached to the
Complaint at Exhibit D). Consequently, GALC filed a civil action against WH, Capano and
Vietri in the Superior Court of New Jersey for Burlington County to collect on the defaulted
lease payments under the Kitchen Equipment Lease and on July 22, 2001, judgment was entered
against Plaintiffs in the amount of $290,202.33 (the "New Jersey Judgment"). *Great America
Leasing Corp. v. Wilmington Hospitality, LLC*, N.J. Super. Ct., Docket No. L-002-705-00.
GALC later domesticated the New Jersey Judgment to courts in Pennsylvania and Delaware.
*See, e.g., Great America Leasing Corp. v. Wilmington Hospitality, LLC*, Del. Super., Misc. No.
JO 6360.

### E.  WH Files For Bankruptcy Protection In Pennsylvania (the "Bankruptcy Action")

On June 29, 2001 (the "Petition Date"), WH filed a voluntary petition for relief under
Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern

6

District of Pennsylvania (the "Bankruptcy Court").[3]  Compl. ¶7.  All of the Delaware State court

litigation between Republic, WH, Capano and Vietri was stayed pursuant to 11 U.S.C. §362, as

was Great America's efforts to collect against WH.

### F.    The Bankruptcy Stipulation

On or about October 10, 2001, Republic filed a motion for relief from stay in the

Bankruptcy Action to enforce its rights with respect to the Hotel.  Compl. ¶9; WH Bankr.,

Docket No. 97.  GALC also sought relief from stay as to the Kitchen Equipment, and WH

consented to such relief.  WH Bankr., Docket Nos. 16, 96.  On November 29, 2001, WH,

Republic, Capano, Vietri, the Official Committee of Unsecured Creditors and a Capano affiliate,

J.Y.D., Inc., entered into a Stipulation and Settlement Agreement for Relief from the Automatic

Stay (the "Stipulation") in the Bankruptcy Action.  Compl. ¶9 and Compl. Ex. A.  The purpose

of the Stipulation was to allow WH a brief period of time to find a buyer for the Hotel and pay

off Republic, or in the alternative, transfer title to the Hotel to Republic or its affiliate in

satisfaction of the debt.  As an accommodation to GALC, the Stipulation also provided:

> If Republic records the Hotel deed, then Republic shall have ten (10) days from
> the date of recordation to advise WH and counsel for [GALC] whether Republic
> (in its sole and absolute discretion) will be paying off the [GALC] Lease.  In the
> event that Republic  (in its sole discretion) elects not to assume/payoff the
> [GALC] Lease, then WH and/or [GALC] (at the election of [GALC]) shall
> remove the Kitchen Equipment within 20 days of a written request for Republic
> or thereafter, the Kitchen Equipment will be deemed abandoned to Republic (free
> and clear of any claims of [GALC] and WH).

---

[3]  For the Court's convenience, a certified copy of the docket in the Wilmington Hospitality
Bankruptcy action is attached hereto as **Exhibit "A"** (cited as "WH Bankr., Docket No. __").
This Court may take judicial notice of the docket in the underlying bankruptcy case.  *See In re
Federal-Mogul Global, Inc*., 330 B.R. 133, 136 (D. Del. 2005) (citing *In re Indian Palms
Assocs., Ltd.,* 61 F.3d 197 (3d Cir.1995)); Fed. R. Evid. 201.

7

Compl., Exhibit A at ¶6. Ultimately, WH failed to locate a buyer for the Hotel and Republic completed foreclosure proceedings as contemplated pursuant to the terms of the Stipulation. *See* Compl., Exhibit A at 6-7.

### G.   GALC Moves To Modify The Stipulation.

On June 11, 2002, after the Hotel was transferred to Republic, GALC filed a motion in the Bankruptcy Court to modify the Stipulation to allow GALC additional time to repossess the Equipment. WH Bankr., Docket No. 185. Notably, Plaintiffs did not join with GALC or participate in any way in the motion to modify, though it pertained specifically to GALC's attempt to remove the Kitchen Equipment from the Hotel.

On or about June 12, 2002, the Bankruptcy Court denied GALC's motion to modify the Stipulation finding that GALC did not have standing because it was not a party or a signatory to the Stipulation. WH Bankr., Docket No. 188 (June 12, 2002, Order); *see also* Compl., Ex. D at 2, n.2. (noting that WH "took no position and disclaimed any interest in the outcome of the [GALC/Republic] dispute").[4] GALC then appealed this decision to the United States District Court for the Eastern District of Pennsylvania, but GALC did not seek expedited treatment of the appeal. WH Bankr., Docket No. 189.

### H.   GALC Sues Republic In the Court Of Chancery for Removal Of the Kitchen Equipment (The "GALC Chancery Court Action")

When the Bankruptcy Court ruled against GALC in June 2002, GALC instituted proceedings against Republic in the Delaware Court of Chancery seeking, among other things,

---

[4]  This Court may take judicial notice of matters of public record, including hearing transcripts and prior bankruptcy court orders. *In re Peregrine Systems, Inc.*, 311 B.R. 679, 692 (D. Del. 2004).

8

replevin of the Kitchen Equipment. *Great America Leasing Corporation v. Republic Bank,* Del. Ch., C.A. No. 19714-NC (complaint filed June 24, 2002).

On December 2, 2002, the United States District Court for the Eastern District of Pennsylvania issued an order reversing and remanding the Bankruptcy Court's June 12, 2002 order denying modification of the Stipulation. WH Bankr., Docket No. 242/243. On remand, the Bankruptcy Court denied GALC's motion to modify the Stipulation. *In re Wilmington Hospitality, LLC*, 2003 WL 21011689 (Bankr. E.D. Pa. Apr. 18, 2003).

In so ruling, the Bankruptcy Court acknowledged Plaintiffs' lack of interest in the Kitchen Equipment: "[t]he Debtor … has no interest whatsoever in these motions…." *In re Wilmington Hospitality, LLC*, 2003 WL 21011689, at *1. The Bankruptcy Court reiterated this point by noting: *"[c]ertainly the Debtor* which at the point the Equipment was to [be] removed no longer owned the Hotel, *would have no interest at all, a fact confirmed by its counsel's statement to this Court and failure to participate in this contested matter." Id.* at *6 (emphasis added).

### 1.    Capano And Vietri's Attempt To Intervene In The GALC Chancery Action.

More than nine months after receiving notice of the GALC Chancery Action, Capano and Vietri moved to intervene in GALC's action against Republic on June 26, 2003. *See Great America Leasing Corp. v. Republic Bank,* 2003 WL 22389464 (Del. Ch. Oct. 3, 2003). Notably, Capano and Vietri claimed a right to intervene "*in order to establish the value of the equipment*." *Id.* at *1 (emphasis added). In denying their motion for lack of timeliness, the Court of Chancery held that "[e]ven if they had made a timely application, Capano and Vietri do not appear to have any substantial interest in the property that is the subject of this case, and certainly have no

9

interest not already adequately represented by the existing parties." *Id*. at \*2. The Court of Chancery further held that:

> "[e]ven if [Capano and Vietri] had a sufficient interest in the subject matter of this action, that interest could be amply represented by the parties already before the court. GALC will argue a high value for the equipment because it wants to force Republic to pay for it. Republic will claim that GALC forfeited the equipment. Both of [Capano and Vietri's] arguments are, therefore, adequately represented."

*Id*.

## 2.    Republic and GALC Settle the GALC Chancery Action.

On June 14, 2004, after two years of vigorous litigation, Republic and GALC agreed to a compromise and entered into a settlement agreement (the "GALC Settlement"). The GALC Settlement provided, among other things, that Republic would pay the sum of $125,000 to GALC for the Kitchen Equipment. *In re Wilmington Hospitality, LLC*, 320 B.R. 73, 74 n.2 (Bankr. E.D.Pa. 2005) (memorandum opinion attached as Exhibit D to the Complaint). In May 2003, Republic ultimately sold the Hotel to a third party at a commercially reasonable price of $11.2 million, thus sustaining a loss of at least $8 million dollars. Counterclaim ¶10.

## I.    The Bankruptcy Court Rules on the Value of the Kitchen Equipment.

Over one year after the Court of Chancery's adverse ruling on Capano and Vietri's intervention motion in the GALC Chancery Action, and still liable for the remainder of the New Jersey Judgment, on July 12, 2004, WH filed a Motion to Expunge Claims of Great American Leasing Corporation (the "Motion to Expunge") in the Bankruptcy. WH Bankr., Docket No. 289. As they had in the GALC Chancery Action, Plaintiffs argued that the value of the Kitchen Equipment was higher than the value of the GALC settlement. *In re Wilmington Hospitality LLC*, 320 B.R. 73, 75 (Bankr. E.D. Pa. 2005). Plaintiffs also asserted that GALC had abandoned

10

the Kitchen Equipment to Republic and that Plaintiffs should not be liable for the remaining $170,000 due on the New Jersey Judgment. *See id.*

As set forth in the Bankruptcy Court's January 10, 2005 opinion denying WH's motion to expunge, the Bankruptcy Court held a hearing and allowed WH to present evidence. *See In re Wilmington Hospitality LLC*, 320 B.R. at 75, n.3 (noting Capano's testimony), n.4 (referencing a hearing on the motion to expunge). Capano testified at the Bankruptcy hearing that he allegedly secured an offer for purchase of the Kitchen Equipment by Hercules Country Club for $225,000. *Id*. at 74-75. The alleged offer, however, had inherent difficulties. First, the offer was oral and expressly conditioned upon delivery of the Kitchen Equipment to Hercules. *Id*. at 77. Second, Hercules refused to put up any funds for the Kitchen Equipment prior to delivery. *Id*. at 75. As a result of these consequences and in order to facilitate the deal going forward, Capano arranged for his son to put the entire purchase price into escrow with GALC's Philadelphia counsel. *Id*.

At the same time, however, Republic and GALC were in discussions regarding the removal of the Kitchen Equipment pursuant to the Stipulation. Most of the Kitchen Equipment was affixed to the Hotel, thus requiring a County work order for any restoration at considerable cost to Republic if removal of the Kitchen Equipment caused damage to the Hotel. *See GALC v. Republic Bank*, Del. Ch., C.A. No. 19714, Answer, ¶21, attached hereto as **Exhibit "B."** Because GALC and Republic failed to reach agreement regarding the removal of the Kitchen Equipment, GALC never took repossession of the Equipment. *See In re Wilmington Hospitality LLC*, 320 B.R. at 75. Consequently, Capano's deal with Hercules failed to materialize. *Id*.

In denying WH's Motion to Expunge, the Bankruptcy Court held that "GALC exercised its business judgment to negotiate a settlement with [Republic] that would accomplish the release of the Equipment." *In re Wilmington Hospitality LLC*, 320 B.R. at 77-78. The Bankruptcy

11

Court further held that the purported Hercules offer could not be used as a basis for the value of the Equipment because that offer was contingent upon the equipment being delivered. The Bankruptcy Court ruled that "*the $125,000 [GALC] received was the highest and best value it could have under the circumstances*." *Id*. at 78 (emphasis added). Accordingly, the Bankruptcy Court denied WH's motion to expunge, leaving GALC's $170,000 unsecured claim in tact. *Id*.

As in its earlier order denying GALC's motion to modify the Stipulation, the Bankruptcy Court made special reference to Plaintiffs' lack of interest in the outcome of the contested matter of the Kitchen Equipment. Specifically, the Court stated "[a]lso notably during the litigation before me that Debtor took no position and disclaimed any interest in the outcome of the dispute." *See In re Wilmington Hospitality LLC*, 320 B.R. at 74, n.2.

## J.    Plaintiffs File District Court Action Against Republic.

On March 22, 2005, three months after the Bankruptcy Court thwarted Plaintiffs' second attempt to extinguish its financial obligations on the New Jersey Judgment by denying their Motion to Expunge, Plaintiffs filed this action against Republic. By filing this Complaint, Plaintiffs endeavor to recharacterize the factual and legal issues surrounding the Kitchen Equipment and seek to hold Republic liable for the $170,000 deficiency Plaintiffs still owe to GALC. Compl., ¶16.

As a footnote to this action, Capano also sued GALC in the Delaware Superior Court on or about July 10, 2005 asserting a promissory estoppel claim to avoid payment of the $170,000 unsecured claim. The Superior Court action is still pending.

12

113397.00601/40156877v.2

## ARGUMENT

### I.     PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6) and 12(c).

#### A.     Legal Standard For A Motion To Dismiss Under Rule 12(b)(6).

A motion to dismiss pursuant to 12(b)(6) should be granted where under any set of facts that could be asserted to support the claim, the plaintiff would not be entitled to relief. *Dilorenzo v. Edgar*, 2004 WL 609374, at *2 (D.Del. March 24, 2004).  Further, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Integral Resources (PVT) Limited v. Istil Group, Inc.*, 2004 WL 2758672, at *1 (D.Del. Dec. 2, 2004).  Where, as here, the allegations in the complaint, the exhibits incorporated into the complaint, and judicially noticed facts effectively negate the claims as a matter of law, the claims should be dismissed pursuant to Rule 12(b)(6).  *Malpiede v. Townson*, 780 A.2d 1075, 1083 (Del. 2001); *Southmark Prime Plus, L.P. v. Falzone,* 776 F.Supp. 888, 892 (D.Del. 1991) (finding that court may take judicial notice of matters of public record outside the pleadings on motions under Rule 12(b) and Rule 12(c)).  As will be shown below, the Complaint here fails to state a claim upon which relief can be granted and should be dismissed.

#### B.     Legal Standard For A Motion For Judgment On The Pleadings Under Rule 12(c).

Rule 12(c) provides for disposition on a party's claims on the merits before discovery. *Southmark Prime Plus, L.P. v. Falzone*, 776 F.Supp. 888, 891 (D.Del. 1991) (*citing Cardio-Medical Assoc., Ltd. v. Crozer-Chester Medical Crt.*, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982)).  Similar to the standard under Rule 12(b)(6), under Rule 12(c) this Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the

13

plaintiff, however, this Court need not accept conclusory allegations or statements of law. *In re General Motors Class E Stock Buyout Sec. Litig.,* 694 F.Supp. 1119, 1125 (D.Del. 1988).

Because the critical facts and claims alleged by the Plaintiffs in this action have previously been litigated, the Complaint contains no facts that would entitle Plaintiffs to the relief requested as a matter of law. Accordingly, the Complaint should be dismissed for failure to state a claim and judgment on the pleadings should be granted in favor of Republic.

## II.    PLAINTIFFS' CLAIM FOR BREACH OF THE STIPULATION FAILS AS A MATTER OF LAW BECAUSE THE VALUE OF THE KITCHEN EQUIPMENT HAS BEEN PREVIOUSLY DETERMINED BY THE BANKRUPTCY COURT AND SHOULD BE DISMISSED UNDER THE DOCTRINES OF RES JUDICATA AND COLLATERAL ESTOPPEL.

### A.    Res Judicata Bars Plaintiffs' Claims Because There Has Been A Final Judgment On The Merits In A Previous Action Between The Same Parties.

The doctrine of *res judicata* bars a subsequent suit based upon the same cause of action where there was a final judgment on the merits involving the same parties. *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 336 (3d Cir. 2000). The policy behind the doctrine of *res judicata* is to avoid "the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Burke v. Timothy's Restaurant*, 2005 WL 1801684, at *2 (D.Del. July 29, 2005). Moreover, *res judicata* "permits a litigant to press his claims but once, and requires him to be bound by the determination of the forum he has chosen, so that he may have one day in court but not two." *Mells v. Billops*, 482 A.2d 759, 760 (Del. Super. 1984). Further, "one does not get a second bite at the proverbial apple because the first bite was taken in a bankruptcy case." *Matter of Genesis Health Ventures, Inc.*, 324 B.R. 510, 522 (Bankr.D.Del. 2005) (*citing States Bank, N.A.U. v. Huls Inc.*, 176 F.3d 187, 202 (3d Cir. 1999)). Indeed, "[t]he normal rules of *res*

14

*judicata* and collateral estoppel apply to the decisions of bankruptcy courts." *Katchen v. Landy*, 382 U.S. 323, 334 (1966).

Under Delaware law, *res judicata* or claim preclusion requires: (1) a final judgment on the merits in a prior suit; (2) a subsequent suit based on the same claim; and (3) the same parties or privities. *Genesis Health Ventures, Inc.*, 324 B.R. at 521. "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *In re Earned Capital Corp.*, 2005 WL 2108696, at \*14 (Bankr. W.D. Pa. Sept. 2, 2005). Each of these criteria are present in this case and Plaintiffs' claims should be precluded from relitigation in this Court. *See CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 195 (3d Cir. 1999) (claim preclusion applies between all parties to a bankruptcy case).

### 1.    The Bankruptcy Court's January 10, 2005 Decision Is A Final Judgment On The Merits.

A final judgment is one that is not subject to modification. *Barber v. Barber*, 323 U.S 77, 81 (1944). "Finality … may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Aiello v. City of Wilmington*, 740 F. Supp 414, 419 (D.Del. 1979), *aff'd*, 623 F.2d 845 (3d Cir. 1980). Additionally, judgment on the merits has been held to mean one that is based on legal rights as opposed to matters of practice, procedure or jurisdiction. *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981).

When the Bankruptcy Court issued its January 10, 2005 decision denying WH's motion to expunge GALC's unsecured claim, and WH failed to appeal, that decision became a final judgment on the merits. A bankruptcy court's order is a final ruling on the merits for *res judicata* purposes, just like any other court. *In re DVI, Inc.* 324 B.R. 548, 552 (D.Del. 2005) (holding that the previous order of the bankruptcy court precluded relitigation because the issues

15

were specifically raised in an objection and were essential to the court's final ruling on the motion); *see also Katchen,* 382 U.S. at 334 (*res judicata* applies to orders issued in bankruptcy courts); *U.S. v. Government of Virgin Islands*, 363 F.3d 276, 292 (3d Cir. 2004) (holding that judgment becomes final upon party's failure to appeal). There should be no dispute that the Bankruptcy Court's January 10, 2005 decision was a final judgment on the merits, because it is not subject to modification and WH never appealed the decision.

## 2.    Plaintiffs Assert The Same Claim For Relief in this Action as they did in the Bankruptcy Court.

Due to the unique circumstances when the prior proceeding is in a bankruptcy action, the Third Circuit has held that a claim may be barred where the "factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the bankruptcy that it would be unreasonable not to have brought them both at the same time in the bankruptcy forum." *Eastern Minerals*, 225 F.3d 330, 337-338. Moreover, *res judicata* requires "that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Testerman v. International Union*, 288 F. Supp.2d 633, 638 (D.Del. 2003) (*citing Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

Here, the factual underpinnings, theory of the case, and relief sought against Republic in this action are substantially the same as that litigated in the Bankruptcy Court on WH's motion to expunge against GALC. The claim asserted against GALC in support of WH's Motion to Expunge was inextricably related to the value of the Kitchen Equipment. The factual underpinnings of Plaintiffs' claim in this Court against Republic also derives out of the value of the Kitchen Equipment. Therefore, it is not unreasonable for WH to have been expected to bring both claims at the same time in the Bankruptcy Action. This is especially true since the

16

Bankruptcy Court retained jurisdiction over the Stipulation and the parties and signatories to the Stipulation. If WH believed it had a claim against Republic for actions of which it is has been on notice since at least the summer of 2002, it should have done so at that time. All of the facts supporting the claims in this action were known to WH at the time it brought the Motion to Expunge on July 12, 2004.[5]   WH Bankr., Docket No. 289.   Republic and GALC had compromised their dispute and entered into a settlement in June, 2004. When WH failed to raise claims against the Bank in the Bankruptcy Action regarding the Kitchen Equipment, Republic made financial and tactical litigation decisions based upon a litigation reality which included claims brought against the Bank by only GALC. *See Oneida Motor Freight, Inc., v. United Jersey Bank*, 848 F.2d 414, 419 (3rd Cir. 1988) ("complete disclosure is imperative to assist interested parties in making decisions relevant the bankrupt estate").

The theory of the two cases are also the same. Both claims brought by WH in its motion to expunge and in this action are based upon the same theory that Plaintiffs were financially

---

[5]   Plaintiffs have consistently sat on their rights and have failed to timely assert any interest in the Kitchen Equipment. First, in the Bankruptcy Action, and then again in the GALC Chancery Action. Plaintiffs took no position when GALC moved to modify the Stipulation (which dispute ultimately ended with the settlement between Republic and GALC). *See In re Wilmington Hospitality LLC*, 320 B.R. 73, 74, n.2 (Bankr. E.D. Pa. 2005) (acknowledging that "during the litigation before me the Debtor took no position and disclaimed any interest in the outcome of the dispute"); *In re Wilmington Hospitality, LLC*, 2003 WL 21011689, at *1 (Bankr. E.D. Pa. Apr. 18, 2003)("[t]he Debtor ... has no interest whatsoever in these motions...."); *id.* at *6 (*"[c]ertainly the Debtor* which at the point the Equipment was to [be] removed no longer owned the Hotel, *would have no interest at all, a fact confirmed by its counsel's statement to this Court and failure to participate in this contested matter*). Likewise, when GALC filed the Chancery Action against Republic, it took nine months for Plaintiffs to seek to seek to intervene and assert claims regarding the value of the Kitchen Equipment. *See Great America Leasing Corp. v. Republic Bank,* 2003 WL 22389464 (Del. Ch. Oct. 3, 2003) (noting that "[e]ven if they had made a timely application, Capano and Vietri do not appear to have any substantial interest in the property that is the subject of this case, and certainly have no interest not already adequately represented by the existing parties"). Now that Republic and GALC have compromised the Chancery Action, Plaintiffs purport to object. It is simply too late.

17

injured by the settlement between Republic and GALC over the Kitchen Equipment.  In both instances, the emphasis is that the Plaintiffs were "injured" by the Kitchen Equipment being valued at $125,000, $100,000 less than the alleged offer from the Hercules Country Club.  *In re Wilmington Hospitality LLC*, 320 B.R. 73, 74-75 (Bankr. E.D. Pa. 2005).  In the Bankruptcy case, WH essentially asserted that the value of the Kitchen Equipment would have been higher but for GALC's "abandonment" of the equipment.  *Id*. at 75, n.4.  In this case, Plaintiffs similarly assert that the value of the Kitchen Equipment would have been higher but for Republic's purported interference with GALC's attempts to remove the equipment.  Compl. ¶17.  Thus, in both actions, WH postulated legal theories premised upon Plaintiffs' alleged "injury" as a result of the settlement agreement between Republic and GALC.

Finally, the relief sought by WH in both actions is the same.  In WH's Motion to Expunge, WH sought to expunge or reduce the amount of GALC's unsecured claim by the amount of the GALC Settlement.  *In re Wilmington Hospitality LLC*, 320 B.R. 73, 74-75, n.4 (Bankr. E.D. Pa. 2005).  In this Complaint, Plaintiffs seek monetary damages in the amount of the difference between GALC's unsecured claim, reduced to judgment in New Jersey, Pennsylvania and Delaware, and the $125,000 GALC Settlement.  *Compare* 320 B.R. at 78 (allowing GALC a $170,000 unsecured claim), *with* Compl. ¶17 (asserting $170,000 in damages).  Notwithstanding the form of relief, Plaintiffs are nevertheless seeking the same outcome – to avoid payment on the New Jersey Judgment and GALC's unsecured claim.  *See Genesis Health Ventures, Inc.*, 324 B.R. at 523 (holding that the relief sought was the same in both cases when in the first case, the creditors objected to the bankruptcy plan and litigated the issue of valuation of the debtors' enterprise during the confirmation hearings in order to get a higher return in the bankruptcy, and in the second case the plaintiff-creditors sought money

18

damages due to alleged miscalculations and improper adjustments, as determined in the bankruptcy confirmation hearings.)

Thus, the second criteria for applying *res judicata* is satisfied because the factual underpinnings, theory of the case, and relief sought in this action are so inextricably intertwined with the issues litigated on WH's motion to expunge in the Bankruptcy case that it is unreasonable for Plaintiffs not to have brought the claim against Republic in the Bankruptcy Action. By essentially severing its claims against GALC and the Bank, and forum shopping when it receives a disappointing outcome, Plaintiffs lost the opportunity to assert such claims now in this Court.

### 3. The Party To Be Estopped Is The Same In Both Actions.

The third element of *res judicata* is satisfied because the parties are the same in this action as in the Bankruptcy Action. Republic was WH's largest creditor in the Bankruptcy Action. Moreover, Republic was party to the very proceedings involving GALC that ultimately lead to the Bankruptcy Court's January 10, 2005 decision, having filed a response to GALC's initial motion to modify the Stipulation, a cross-motion for abstention (Docket No. 261) and numerous objections and other motions throughout the Bankruptcy. *See, e.g.,* WH Bankr., Docket Nos. 145, 146, 147, 177, 190 (objection to disclosure statement), 261 (response to GALC's motion for modification and cross-motion for abstention) 269 (reply to GALC's response), 271 (amended response to GALC), 273 (exhibits to Bank's response).

Although Capano and Vietri were not direct parties to the Bankruptcy Action, they are nonetheless in privity with the Debtor in two respects: (i) with respect to the proceedings involving GALC specifically, and (ii) with respect to the bankruptcy case generally because they are principals of the Debtor limited liability company and their interest in the outcome of that litigation as both principals and guarantors is indisputable. *See Orange Bowl Corp. v. Jones*,

19

1986 WL 13095, at \*3 (Del. Super. Oct. 16, 1986) (holding that privity was established between corporate defendant and the individual defendants because the individual defendants wholly-owned the corporation); *see also PSL Air Lease Corp. v. E.B.R. Corp.*, 1972 WL 124882, at \*5 (Del. Super. Sept. 28, 1972) (holding that a guarantor of a lease was in privity with the lessee). Indeed, the Bankruptcy Court specifically remarked that, "[w]hile Debtor's attorney refers to the Debtor's exposure, it is clear from Capano's testimony that he views the Debtor and himself to be one and the same." *In re Wilmington Hospitality LLC*, 320 B.R. 73, 74, n.3 (Bankr. E.D. Pa. 2005) (Complaint, Exhibit D, at 3, n.3).

Given that Capano and Vietri's interests were fully represented in WH's Motion to Expunge, *res judicata* should bar them from relitigating the same claim in this Court. All of the elements of *res judicta* have been satisfied because: (1) the Bankruptcy Court's January 10, 2005 decision denying Plaintiffs' Motion to Expunge was a final judgment on the merits, (2) the facts underlying WH's Motion to Expunge in the Bankruptcy Action are the same key facts asserted by the Plaintiffs in the present case, and (3) the parties in this action were also parties in WH's bankruptcy case. For all of these reasons, Plaintiffs' Complaint should be dismissed under the doctrine of *res judicata*.

B.    **Collateral Estoppel Bars Plaintiffs' Claims Because The Issue Is The Same In This Case As The Previous Case, The Plaintiffs Had A Full And Fair Opportunity To Litigate The Issue, And The Issue Was Necessary To The Final Outcome.**

While *res judicata* or claim preclusion "may be defined as the effect of a judgment in foreclosing litigation of a matter that *never has been* litigated, because of a determination that it *should have been* advanced in an earlier suit,' *collateral estoppel*, on the other hand, refers to issue preclusion because it involves foreclosing *relitigation* of a matter that has been litigated and decided." *Neoplan USA Corp. v. Taylor,* 604 F. Supp. 1540, 1543 (D. Del. 1985) (internal

20

quotations omitted). Thus, "[i]n order for claim preclusion to bar subsequent action, a litigant must demonstrate not only that the elements of *res judicata* (issue preclusion) have been satisfied, but also that the same transaction provides the basis for the prior and subsequent suits and that the claim for relief could have properly been presented in the prior action." *Id.* at 1545. Both doctrines apply in this case to bar Plaintiff's complaint under Rule 12.

The Bankruptcy Court's January 10, 2005 decision should also be given collateral estoppel effect to Plaintiffs' claims in this action. According to the Third Circuit, a party may be estopped from relitigating an issue if: (1) the issue to be precluded is the same as that involved in the prior action, (2) the issue was actually litigated in the prior action; (3) the issue must have been determined by a valid and final judgment; and (4) the determination was necessary to the outcome of a valid prior judgment. *Genesis Health Ventures, Inc.*, 324 B.R. at 527. These elements are all present in the case *sub judice*.

### 1.    The Issue Determined In The Bankruptcy Action Is The Same Issue Before This Court.

To determine if there is an identity of issues between two successive actions, the Third Circuit utilizes a practical assessment that includes a plain reading of plaintiff's complaint, an understanding of the issues involved and evidence in the record. *Witkowski v. Welch*, 173 F.3d 1992 (3d Cir. 1999). A new contention, however, is not a new issue. *Neoplan USA Corp. v. Taylor*, 604 F.Supp. 1540, 1546 (D.Del. 1985).

The issues in both cases are substantially similar - the determination of the value of the Kitchen Equipment. In the first action, Plaintiffs sought to expunge GALC's unsecured claim for the remaining deficiency on the Equipment Lease by asserting that GALC abandoned the Kitchen Equipment and accepted an unreasonably low settlement offer. 320 B.R. 73, at 75. Similarly, the contention in Plaintiffs' Complaint here asserts that Republic prevented GALC

21

from removing the Kitchen Equipment, thus ultimately resulting in the settlement between Republic and GALC for $125,000. Compl. ¶17. While the claims are different, the issue is the same – the valuation of the Kitchen Equipment. *See Pourzal v. Kroll-O'Gara Co.*, 2005 WL 1364707, at *3 (D. V.I. June 7, 2005) (quoting *Witkowski*, 173 F.3d at 202-03) (affirming the district court's holding that the identity of issues requirement was met, although it did not require that "an exact overlap in claims to conclude that the same issues were raised in both proceedings."). Importantly, the Bankruptcy Court concluded that there was "no basis to question" GALC's exercise of its business judgment to negotiate a settlement with Republic and that $125,000 was the "highest and best value" for the Equipment available under the circumstances. 320 B.R. at 78. The Court also held that the purported Hercules offer could not be used as a basis for the value of the Equipment due to its contingent nature. *Id.* Finally, the Bankruptcy Court further concluded that "[s]ince continued litigation of necessity would impose time, cost and risk reducing the value to be realized from disposition of the Equipment, GALC's decision to settle with the Bank in order to secure the Equipment or its value was sound." *Id.* at 78. Thus, the identity of issues requirement for collateral estoppel is satisfied because the issue asserted in the present action is in substance the same as the one pressed in the Bankruptcy Action. *See Kroll-O'Gara Co.*, 2005 WL 1364707, at *4 (finding identify of issues where both actions centered around the defendants' allegedly tortious actions).

## 2. The Issue Was Fully Litigated In The Bankruptcy Action.

The second criteria requires that the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue. *Genesis Health Ventures, Inc.*, 324 B.R. at 528. Here, the record is clear that the Bankruptcy Court afforded Plaintiffs a full and fair opportunity to address the issue of the valuation of the Kitchen Equipment. Specifically, both parties submitted memorandums of law regarding the issues presented by Plaintiff's Motion to

22

Expunge. *See* WH Bankr., Docket Nos. 289, 291, 297, 299. Moreover, the Bankruptcy Court held a hearing on the motion and allowed Capano to testify regarding the Hercules Country Club contingent offer to purchase the Equipment. *Id*. Docket No. 296; 320 B.R. 73, at 74 n.3 and 77 (reciting Capano's testimony). Under these circumstances, WH, Capano and Vietri had a full and fair opportunity to litigate the value of the Kitchen Equipment in the Bankruptcy Court. *See Kroll-O'Gara Co*., 2005 WL 1364707, at *5.

### 3. The Bankruptcy Court's January 10, 2005 Decision Was A Valid And Final Judgment.

As discussed above, a final judgment is a one that is not subject to modification. *Barber v. Barber*, 323 U.S 77, 81 (1944). When the Bankruptcy Court issued its January 10, 2005 decision denying WH's motion to expunge GALC's unsecured claim and WH failed to appeal that decision, the decision became final. *See Government of Virgin Islands*, 363 F.3d at 292 (holding that judgment becomes final upon party's failure to appeal).

### 4. The Issue Was Necessary To The Outcome Of The Hearing.

The Bankruptcy Court's January 10, 2005 decision clearly demonstrates that the valuation of the Kitchen Equipment was necessary to its holding in rejecting Plaintiff's claim for expungement or reduction of GALC's unsecured claim. The Bankruptcy Court held that "the $125,000 [GALC] received was the highest and best value it could have under the circumstances." 320 B.R. at 78. Likewise, as discussed above, the Bankruptcy Court was not persuaded that the alleged offer of $225,000 should set the value for the Kitchen Equipment. *Id*. That offer, the Court held, was based upon the Kitchen Equipment being *delivered*, a factor that made the offer unlikely given the circumstances, and thus not a correct measure of the value of the Equipment. *Id*. (emphasis in original).

23

Plaintiffs' claims in this case are premised on the contention that the $125,000 GALC settlement consideration somehow caused Plaintiffs damage. The Bankruptcy Court has already determined that the propriety of the $125,000 valuation was the highest and best value under the circumstances.    *See Genesis Health Ventures, Inc.*, 324 B.R. at 528 (finding that the determination of the debtors' enterprise value was essential to the judgment of confirmation to establish the good faith of the plan; *Kroll-O'Gara Co.*, 2005 WL 1364707, at *6 (finding that arbitrator could not have reached decision that previous defendant was not liable without consideration of the issue of the current defendant's tortious conduct in previous arbitration against current defendant's employer). Under the doctrine of collateral estoppel, the issues are so substantively similar that Plaintiffs should not be permitted to relitigate the findings of the Bankruptcy Court in this Court in hopes of getting a different judgment in a different forum on the same facts.

## III.    PLAINTIFFS' CLAIM FOR BREACH OF CONTRACT FAILS TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

Under Delaware law, to survive a motion to dismiss Plaintiffs' Complaint must establish a contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff. *Moore Business Form, Inc. v. Cordant Holdings Corp.*, 1995 WL 662685, at *7 (Del. Ch. Nov. 2, 1995) (citing *Goodrich v. E.F. Hutton Group, Inc.* 542 A.2d 1200, 1203-4 (Del. Ch. 1988). "An essential element of any claim for breach of contract is cognizable injury." *Great Lakes Chemical Corp. v. Pharmacia Corp.*, 788 A.2d 544, 549 (Del. Ch. 2001) (holding that plaintiff failed to show that it suffered a cognizable injury resulting when the injury did not flow from the breach of the specific contract terms); *Smith v. Abounabet*, 2004 WL 1284212 (Del.Super. May 28, 2004) (granting summary judgment where plaintiff failed to create material an issue of material fact as to contractual damages). "The plaintiff must also identify which

24

provisions or terms of the contract were breached by the conduct at issue." *Breakaway Solutions, Inc. v. Morgan Stanley & Co. Inc.*, 2004 WL 1949300, at \*11 (applying New York law) (granting defendant's motion to dismiss where plaintiff could not establish a provision in the contract which had been breached.).

Plaintiffs Complaint is fatally flawed by its failure to show a cognizable injury. The Bankruptcy Court made clear that WH had failed to show that the $125,000 settlement consideration for the Kitchen Equipment was not the highest and best value under the circumstances. Consequently, Plaintiffs have suffered no damages as a result of the GALC Settlement and their claim for breach of the Stipulation should be dismissed.

## IV.    PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Total Care Physicians, P.A. v. O'Hara*, 798 A.2d 1043, 1056 (Del. Super. 2001) (*citing Fleer Corp. v. Topps Chewing Gum, Inc.*, 539 A.2d 1060, 1062 (Del. 1998)). For Plaintiffs to prevail on a claim of unjust enrichment, they must establish: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Id*. (*citing Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. 1999)).

Here, Plaintiffs must allege that they have been deprived of something to which they were entitled, and that as a result Republic received a benefit to which it was not rightfully entitled. *See WSFS v. Chilliblly's, Inc.*, 2005 WL 730060, at \*16 (Del. Super. March 30, 2005) (citations omitted). Plaintiffs' Complaint does not meet this burden because they have not and cannot demonstrate that Republic's settlement with GALC was "unjust" or that Republic was

25

"enriched" as a result. *See Fleet Nat'l Group, Inc. v. Advanta Corp.*, 2001 WL 1333405, at \*14 (Del. Ch. Oct. 15, 2001). Plaintiffs' claim is simply devoid of merit.

Initially, Plaintiffs fail to state any facts or legal theories demonstrating their actual interest in the Kitchen Equipment. Indeed, after the Stipulation was executed, Plaintiffs ceased to have any interest in the Kitchen Equipment. *See In re Wilmington Hospitality LLC*, 320 B.R. 73, 74, n.2 (Bankr. E.D. Pa. 2005) (acknowledging that it was "notable during the litigation before me the Debtor took no position and disclaimed any interest in the outcome of the dispute"); *In re Wilmington Hospitality, LLC*, 2003 WL 21011689, at \*1 (Bankr. E.D. Pa. Apr. 18, 2003)("[t]he Debtor … has no interest whatsoever in these motions…."); *id.* at \*6 (*"[c]ertainly the Debtor* which at the point the Equipment was to [be] removed no longer owned the Hotel, *would have no interest at all, a fact confirmed by its counsel's statement to this Court and failure to participate in this contested matter*). *See also Great America Leasing Corp. v. Republic Bank,* 2003 WL 22389464 (Del. Ch. Oct. 3, 2003) (noting that "[e]ven if they had made a timely application, Capano and Vietri do not appear to have any substantial interest in the property that is the subject of this case, and certainly have no interest not already adequately represented by the existing parties").

Plaintiffs' unjust enrichment claim must also fail as a matter of law because Plaintiffs have not asserted any facts that Republic retained a benefit or became enriched as a result of settling with GALC for \$125,000. "Enrichment, of course, is a predicate to recovery on this theory." *Total Care Physicians, P.A.,* 798 A.2d at 1056. Plaintiffs' argument flies in the face of the fact that Republic took an approximate \$8 million dollar loss on the Hotel transaction due to Plaintiffs' defaulting on the Notes and subsequent bankruptcy prior to paying GALC \$125,000 to settle the Chancery Action. *See* Counterclaim ¶ 10. It is a matter of public record that Republic

26

was forced to engage in costly litigation with GALC in order to resolve the Kitchen Equipment dispute with GALC and go out-of-pocket for $125,000 to settle the dispute. Plaintiffs' claim that Republic was unjustly enriched to the detriment of Plaintiffs is simply illogical and unfounded under these circumstances.

Because Plaintiffs cannot establish each element of the cause of action, the unjust enrichment claim should be dismissed as a matter of law. *See WSFS*, 2005 WL 730060, at *16 (finding no unjust enrichment when loan agreement or promissory note between plaintiff and a second party did not intend to hold the third party defendant accountable for loan amount); *Empire Financial Services, Inc. v. Bank of New York*, 2003 WL 22701442 (Del.Super. Nov. 13, 2003) (denying unjust enrichment claim when agent had a duty to disclose information to principal, thus customer lists and the like were not trade secrets worthy of protection).

27

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests this Court grant its Motion to Dismiss the Complaint with prejudice.

BLANK ROME LLP

Neal C. Belgam (DE ID No. 2721)
Elizabeth A. Wilburn (DE ID No. 3666)
Michelle A. Bimson (DE ID No. 4381)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Dated: October 20, 2005                    Facsimile: (302) 425-6464

28

## CERTIFICATE OF SERVICE

I, Elizabeth A. Wilburn, hereby certify that on this 20th day of October, 2005, I

caused two copies of the foregoing Opening Brief in Support of Defendant's Motion to

Dismiss to be delivered to the following in the manner indicated below:

### BY ELECTRONIC FILING AND BY
### FIRST CLASS MAIL

Robert Daniel Ardizzi, Esquire
Davis, Bucco & Ardizzi
2 North Colonial Ave.
Elsmere, DE  19805


Albert A. Ciardi, III, Esquire
Ciardi & Ciardi, P.C.
One Commerce Square
2005 Market Street
Suite 2020
Philadelphia, PA 19103

Elizabeth A. Wilburn #3666

113397.00601/40152770v.1