# EXHIBIT B

Case 1:05-cv-00180-KAJ    Document 24-3    Filed 10/20/2005    Page 1 of 12

EFiled: Nov 14 2003 5:30PM EST
Filing ID 2703284

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| GREATAMERICA LEASING CORPORATION<br><br>    Plaintiff,<br><br>    v.<br><br>REPUBLIC BANK,<br>REPUBLIC SPE, INC.<br>REPUBLIC SPE II, INC. and<br>PARKSIDE V, L.L.C.<br><br>    Defendants. | C.A. No. 19714-NC |

**REPUBLIC BANK, REPUBLIC SPE, INC., AND REPUBLIC SPE II, INC.'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT**

Defendants Republic Bank, Republic SPE, Inc., and Republic SPE II, Inc. ("Answering Defendants") by and through the undersigned counsel, as their answer to the Complaint of GreatAmerica Leasing Corporation hereby state as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

4. [sic] Admitted.

5. Admitted.

6. Denied as stated. Admitted that Wilmington Hospitality and Marlin Leasing entered into the contract attached to the Complaint as Exhibit B. As that contract

113397.00601/40130578v2

is a written document, the Court is respectfully referred to the contract, the terms of which speak for themselves. Any characterization of the terms thereof is denied. It is specifically denied that the contract attached as Exhibit B is a "lease" pursuant to the Uniform Commercial Code. Answering Defendants are without knowledge as to whether Exhibit B contains all the pages of the document.

7. Denied as stated. Admitted that Marlin purported to assign the contract attached at Exhibit B to Plaintiff. The Court is respectfully referred to the document for the terms thereof. Any characterization of said terms is denied. The remaining allegations of this paragraph are denied.

8. Denied as stated. Admitted that Plaintiff obtained an order granting it relief from the bankruptcy stay. The Court is respectfully referred to Exhibit D for the terms thereof. Any characterization of said terms is denied. The remaining allegations of this paragraph are denied.

9. Denied as stated. Admitted that Republic Bank is a party to the Bankruptcy Stipulation attached as Exhibit E to the Complaint. The Court is respectfully referred to the document for the terms thereof. Any characterization of said terms is denied. Admitted that the Bankruptcy Court approved the Stipulation by order dated December 4, 2001. The Court is respectfully referred to Exhibit F for the terms thereof. Any characterization of such terms is denied.

10. Denied as stated. The Stipulation is a written document which speaks for itself. The Court is respectfully referred to the document for the terms thereof. Any characterization of such terms is denied. Admitted that the Bankruptcy Court has ruled

that Plaintiff is not a third party beneficiary under the Stipulation. The Court is respectfully referred to the Bankruptcy Court's April 18, 2003 Memorandum Opinion with respect thereto. It is further admitted that the Equipment was abandoned to Republic under the terms of the Stipulation when Plaintiff failed to retrieve it within the agreed upon time.

11. Denied. Both the Stipulation and the Marlin/Wilmington Hospitality contract are written documents which speak for themselves and the Court is respectfully referred to the document for the terms thereof. Any characterization of such terms is denied. The allegation also calls for a legal conclusion as to the effect of the documents and is therefore denied.

12. Denied as stated. Admitted that on May 7, 2002, Republic gave Plaintiff notice of its decision not to assume Wilmington Hospitality's payments under the contract, attached as Exhibit B to the Complaint, and requested that Plaintiff remove the Equipment from the hotel.

13. Denied as stated. On May 13, 2002 upon information and belief, Great America was trying to assign its rights, not remove the Equipment itself. Answering Defendants are without sufficient knowledge or information to admit or deny the allegations of this paragraph. To the extent a response is required, the allegations are denied.

14. Denied as stated. Admitted that on May 24, 2002, Plaintiff informed Republic that it had assigned its interests to Capson Kitchen Equipment LLC effective as of that date. The remaining allegations of this Paragraph are denied.

3

113397.00601/40130578v2

15. Denied as stated. Admitted that as of May 24, 2002, neither the assignee nor Plaintiff had requested access to the hotel at any particular date or time, and, upon information and belief, neither had hired a moving company. It is further admitted that Republic Bank granted Plaintiff a verbal license to go on the subject premises to remove the Equipment on or before May 31, 2002. The remaining allegations of this paragraph are denied.

16. Denied.

17. Denied as stated. Admitted that Plaintiff's counsel verbally informed Republic's counsel some time between May 31, 2002 and June 3, 2002 that Plaintiff wanted to extend the duration of the license and would be assigning its rights under the Lease to another party that wanted to remove the Equipment. It is further admitted that Republic agreed in writing to a conditional extension of the license until June 14, 2002. The remaining allegations of this Paragraph are denied.

18. Denied as stated. Admitted that Republic imposed certain reasonable conditions on the extension to June 14, 2002; grounds for immediate termination of the license included failure to fulfill certain contingencies, *inter alia*: 1) that on or before June 10, 2002, Plaintiff was to provide Republic's counsel with a list of the Equipment to be prepared in cooperation with Republic's local property manager; 2) that no persons other than Plaintiff's counsel and the representative(s) and employees of a reputable moving company were to enter or attempt to enter the Hotel in connection with the removal of the Equipment; and 3) that any damage caused by removal of the Equipment was to be repaired before the Equipment left the subject premises. It is further admitted

4

that the license terminated when these contingencies were not fulfilled and that the Plaintiff took advantage of the license without objecting to these terms. The remaining allegations of this Paragraph are denied.

19. Denied as stated. Admitted that Plaintiff's counsel and Mr. Shane Cole, an employee of the Bill Simon Equipment Company, Inc., ("Bill Simon") were admitted to the subject premises for approximately two hours by Mr. Paul Farnell, Republic's local property manager of the Hotel. Upon information and belief, Bill Simon is a California based commercial mover.

20. Denied.

21. Denied as stated. Admitted that Mr. Cole was admitted to the subject premises again on June 6, 2002 for approximately two and one half hours by Mr. Farnell. Neither Mr. Farnell, Mr. Cole, nor Plaintiff's counsel could locate several items of Equipment during these two visits. It is admitted that Mr. Cole told Mr. Farnell that several items of Equipment would be difficult to remove because they were affixed to the subject premises. It is further admitted that Mr. Farnell concluded that removal of some of the Equipment would cause significant damage to the subject premises, and reported his opinion to Republic's counsel. In light of the facts gleaned during the two tours of the Hotel, Republic suggested that Plaintiff obtain an estimate for the repairs necessary after removal of the affixed Equipment from a licensed contractor; Republic further asked that Plaintiff provide evidence that performing such repairs would not violate the New Castle County Stop Work Order still applicable to the Hotel. In response to these suggestions, Plaintiff's counsel claimed that it had no responsibility to perform any repairs

necessitated by the removal of the Equipment and that the risk for garnering violation notices from New Castle County would fall on Republic, not Plaintiff. The remaining allegations of this Paragraph are denied. The allegation also draws a legal conclusion by characterizing demands as "extra contractual" and is therefore denied.

22. Denied.

23. Denied as stated. Admitted that Republic was aware of the Stop Work Order issued by New Castle County. By way of further answer, until Shane Cole and Paul Farnell reported their opinions to Republic's counsel, Republic was unaware removal of the Equipment would cause substantial damage to the Hotel. The remaining allegations of this Paragraph are denied.

24. Denied as stated. Admitted that Republic terminated the extension of the license because on or about June 5, 2002, a person other than Plaintiff's counsel and the employees of Bill Simon entered or attempted to enter the hotel premises in connection with removal the Equipment and had to be asked to leave by Mr. Farnell. The remaining allegations of this Paragraph are denied.

25. Denied.

26. Denied as stated. Admitted that Plaintiff failed to retrieve the Equipment under the Bankruptcy Stipulation and under the revocable license gratuitously granted by Republic. The remaining allegations of this paragraph are denied.

27. Denied as stated. It is admitted that Republic SPE II, Inc. was the successful bidder at the October 8, 2002 Sheriff's sale. It is further admitted that Plaintiff's counsel made the alleged claim.

28. Denied as stated. Admitted that correspondence took place between counsel for SPE II and Plaintiff's counsel.

29. Denied as stated. Admitted that Republic SPE II, Inc. took ownership of the hotel property with notice of Plaintiff's claims in this action. The remaining allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. Denied as stated. Admitted that on or about May 28, 2003, Parkside V, L.L.C. took ownership of the Hotel and its contents, subject to the claims at issue in this litigation. The remaining allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I
## CONVERSION

31. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein.

32. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II
### REPLEVIN

34. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein.

35. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied

36. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied

## COUNT III
### TORTIOUS INTERFERENCE WITH CONTRACT

37. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein.

38. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT IV
### INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

39. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein.

40. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT V
## DECLARATORY JUDGMENT

41. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein. Denied.

42. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT VI
## BREACH OF CONTRACT

43. Answering Defendants assert and incorporate each of their answers to the allegations set forth in the foregoing paragraphs in their entirety as if fully set forth herein. Denied.

44. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FIRST ADDITIONAL DEFENSE

45. The Complaint fails to state a claim upon which relief may be granted against Defendants.

### SECOND ADDITIONAL DEFENSE

46. All or some portion of Plaintiff's claims may be barred by the doctrines of waiver, estoppel, acquiescence, laches, ratification, failure of consideration, fraud, or illegality.

### THIRD ADDITIONAL DEFENSE

47. Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH ADDITIONAL DEFENSE

48. All or some portion of Plaintiff's claims are barred by the Bankruptcy Stipulation identified in Paragraph 9 of the Complaint.

### FIFTH ADDITIONAL DEFENSE

49. Plaintiff has failed to plead sufficiently a basis for the award of attorneys' fees against Answering Defendants.

### SIXTH ADDITIONAL DEFENSE

50. All or some portion of Plaintiff's claims are barred by 10 *Del. C.* §4985.

### SEVENTH ADDITIONAL DEFENSE

51. All or some portion of Plaintiff's claims are barred by its failure to follow the filing provisions of Article 2A and Article 9 of the Uniform Commercial Code.

### EIGHTH ADDITIONAL DEFENSE

52. All or some portion of Plaintiff's claims may be barred by payment, release, *res judicata*, statute of frauds or statute of limitations.

113397.0060 1/40130578v2

**WHEREFORE**, Defendants Republic Bank, Republic SPE, Inc., and Republic SPE II, Inc. respectfully request that the Court grant judgment in their favor on all counts of Plaintiff's complaint and award them the costs of defending this action (including attorneys' fees) and such other relief as the Court deems just and proper.

**BLANK ROME LLP**

BY: *[signature: Elizabeth A Wilburn]*

Neal C. Belgam (#2721)
Elizabeth A. Wilburn (#3666)
A. Kimberly Brosseit (#3712)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400

Dated: November 14, 2003

Attorneys for Defendants Republic Bank, Republic SPE, Inc., and Republic SPE II, Inc.

113397.00601/40130578v2