**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WILMINGTON HOSPITALITY, LLC | : |
| JOSEPH L. CAPANO, SR. | : |
| ALBERT A. VIETRI | : |
| | : |
| | : |
| Plaintiffs | : Civil Action No. 1:05-cv-180(KAJ) |
| | : |
| v. | : |
| | : |
| BRANCH BANKING AND TRUST | : |
| COMPANY   (Successor of Republic Bank) | : |
| | : |
| Defendant | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**


**DAVIS, BUCCO & ARDIZZI**


Robert Daniel Ardizzi, Esquire
Delaware Bar No. 3602
2 North Colonial Avenue
Elsmere, DE 19805
(302) 345-9808


**CIARDI & CIARDI, P.C.**


Albert A. Ciardi, III, Esquire
Michael A. Bowman, Esquire
One Commerce Square, Suite 2020
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550

Attorneys for Plaintiff

i

## <u>TABLE OF CONTENTS</u>

INTRODUCTION…………………………………………...……….……….…….……1

STATEMENT OF FACTS…………………………………..……….……….............3

      A.  The Parties……………………………………….……………….............3

      B.  The Bankruptcy and Settlement Agreement…………..………………….………3

      C.  Republic's Breach of Stipulation……………………….…………….…….5

ARGUMENT………………………………………………………….…………….......6

      I.       STANDARD OF REVIEW………………………………….....................6

            A.  Rule 12(c)…………………………………………….…………….7

            B.  Rule 12(b)…………………………………………….…..…………....8

            C.  Rule 56……………………………………………….…..………….....9

      II.     The Motion Fails as Defendant Improperly Asserts……………..…...................10
            *Res Judicata* and Collateral Estoppel when No Predicate
            for these Affirmative Defenses Exist on the Face of the
            Complaint

      III.    The Motion Fails Under Defendant's Erroneous Reading of ……….………13
            the Judicial Notice Doctrine Which Cannot Justify Defendant's
            Liberal Use of Matters Outside the Pleadings

      IV.    The Court Must Deny the Motion as Defendant's Res Judicata …......................16
            and Collateral Estoppel Challenges do not Bar Plaintiff's
            Property Pleaded Breach of Contract and Unjust Enrichment Claims

            A.  Defendants Overly Broad Application of Res Judicata Fails to  ……...16
               overcome the "Essential Similarity" Test as Applied
               in the Bankruptcy Court Context by the Third Circuit

            B.  Defendants Collateral Estoppel Argument Similarly Fails………..................19
               as Plaintiff Raises Issues in this Litigation that the Parties have not
               Litigated in Prior Proceedings

      V.     The Court should Deny the Motion as Plaintiff have…………...………...........21
            Adequately Pled their Breach of Contract Claim

      VI.    The Court should deny the Motion as Plaintiff's have………………….......22
            Adequately Pleaded a Claim for Unjust Enrichment

      CONCLUSION…………………………………………………………….………23

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*
        477 U.S. 242 (1986)……………………………………………………………9

*Argos v. Orthotec LLC*
        304 F. Supp. 2d. 591, 595-596 (D. Del. 2004)…………………………………8

*Celotex Corp. v. Catrett*
        477 U.S. 317 (1986)……………………………………………………………9

*Cohen v. TIC Financial Systems (In re Ampace Corp.*)
        279 B.R. 145 154 (Bankr. D. Del. 2002)………………………………………...16

*Delaware Health Care*
        893 F. Supp. 1279, 1285 (D. Del. 1995)………………………………………10

*Eastern Minerals & Chemicals v. Mahan*
225 F.3d 336, 337 (3rd Circuit 2000)…………………………………………..16,17,18,19

*EXDS, Inc v. Earnst & Young, LLP ( In re:  EXDS, Inc.)*
316 B.R. 817, 821 (Bankr. D. Del. 2004)………………………………………………..16

*International Star Class Yacht Racing Association v. Tommy Hilfiger U.S.A., Inc.*
        146 F.3d 66,70 (2nd Cir. 1998)………………………………………………...14

*JM Mech. Corp. v. U.S.*
        716 F.2d 190, 197 (3d Cir. 1983)……………………………………………...10

*Jordon v. Fox, Rothschild, O'Brien & Frankel*
        *20* F.3d 1250, 1261 (3d Cir. 1994)……………………………………………8

*Kramer v. Tiem Warner Inc., 937 F.2d 767,774 (2nd Cir 1991)………………………....14*

*National Railroad Passenger Corp. v. Penn. Public Utility Comm.*
        288 F. 3d. 519, 525 (3d.Cir.2002)……………………………………………..20

*Novacare Holdings, Inc. v. Mariner Post-Acute Network, Inc.*
267 B.R. 46, 53 (Bankr. D. Del. 2001)…………………………………………17, 18

*Phillips Services Corp. v. Luntz (In re:  Philip Services, Inc.*)
267 B.R. 62, 67 (Bankr. D. Del. 2001)…………………………………………16,17

*Randolph Associates v. Wakefern Food Corp*.
 527 F.Supp. 599, 602 (D.N.J. 1981)……………………………………………9

*Rycoline Products, Inc. v. C&W Unlimited*
 109 F.3d 883, 886 (3rd Cir. 1997)……………………………………………10,11

*Seikridge v. United of Omaha Insurance Co*.
 360 F 3d 155, 164 n. 15 (3rd Cir. 2004)………………………………………14

*Southern Cross Oversew, Inc. v. Wah Kwong Shipping Group LTD*.
 181 F.3d 410, 426 (3rd Cir. 1999)………………………………………………14

*Werner v. Werner*
 267 F.3d 288, 295 (3rd Cir. 2001)………………………………………………14

# FEDERAL CASES

*Brody v. Hankin*
 2004 U.S. App. LEXIS 18778, 6 (3rd Cir. August 29, 2005)……………...10,11,14

*Cordis Corp. v. Boston Scientific Corp*.
 2005 U.S. Dist. LEXIS 10795, *5 (D. Del June 3, 2005)………………………20

*E.I. Dupont DeNemours v. Great Lakes Chemical Corp*.,
 2005 U.S. Dist. LEXIS 17478, *6  (D. Del. August 22, 2005)……………………8

*Frazier v.American Airlines, Inc*.
 2004 U.S. Dist. LEXIS 19875, *7 (D. Del. August 26, 2005)…………………21

*Inductotherm Industries, Inc. v. U.S.A*.
 2002 U.S. Dist. LEXIS 14046, *6 (D.N.J. March 27, 2002)……………..………15

*Kent v. Construzione Acronautiche Giovanni Augusta, S.P.A., et. al*.
 1990 U.S. Dist. LEXIS 12 583, *4 (E.D. Pa. September 19, 1990)………………8

*Medtronic Advanced Cardiovascular System, Inc*.
 2004 U.S. Dist LEXIS 26756, *8( D. Del., December 17, 2004)…………………20

*Morrissey v. Luzerne County Community College*
 2004 U.S. App. LEXIS 21648, *16 (3rd Cir. September 28, 2004)…………..14,15

*Student Finance Corp. v. Royal Indemnity Co*.
 2004 U.S. Dist. LEXIS 4952, *21 (D. Del. March 23, 2004)……………………22

*TCW/Camil Holdings LLC v. Fox Huran & Camerini L.L.P.* (*In re TCW/Camil Holding L.L.C.*)
    2005 U.S. Dist. LEXIS 9659 (D. Del, May 12, 2004)……………………………….8
*T.H. Services Group, Inc. v. Independence Blue Cross, et. al.*
    1999 U.S. Dist. LEXIS 2798, *14 (E.D.Pa. March 4, 1999)……………………..9

## STATE CASES

*Albert v. Albert Brown Management Services, Inc.*
    2005 Del. Ch. LEXIS 133, *21 (Del. Ch. August 26, 2005)……………………21

*Crowhorn v. Nationwide Mut. Ins. Co.*
    2001 Del Super. LEXIS 358, *7 (Del Super. CT., April 26, 2001)……………...21

*Street Search Partners v. Ricon Int'l*
    2005 Del. Super. LEXIS 246 *9 (Del. Super. August 1, 2005)…………………22

## FEDERAL STATUTES

Fed. R. Civ. P.
8(a)…………………………………………………………………………………10,12

Fed. R. Civ. 12(b)………………………………………………………...passim

Fed. R. Civ. P. 12(c)……………………………………………………….7,8

Fed R. Civ. P. 56………………………………………………………………..9

Fed R. Evid. 201……………………………………………………………..13,14,15

## <u>OTHER AUTHORITIES</u>

*Restatement (Second) of Judgments*………………………………………………..19

## INTRODUCTION

Plaintiffs Wilmington Hospitality, LLC , Joseph L. Capano, Sr. , and Albert A. Vietri (collectively, "Plaintiffs"), by and through their attorneys, Ciardi & Ciardi, P.C., and Davis, Bucco & Ardizzi, hereby submit this brief in opposition to the motion of Branch Banking & Trust ("Defendant") to dismiss on the pleadings ("Motion"). Plaintiffs oppose this motion, which erroneously attempts to use disputed facts cited in the orders and opinions of other courts to argue that this Court should preclude Plaintiff's properly pleaded breach of contract and unjust enrichment claims.

As an initial matter, the central theory of Defendant's Motion is wrong; this litigation involves Defendant's breach of a stipulation and settlement agreement entered into between the parties in Bankruptcy Court (as defined *infra*), which led to Plaintiff's harm and precipitated this lawsuit. This litigation <u>is not</u> about valuation of kitchen equipment, as Defendant repeatedly suggests. Finally, Plaintiff's claims and the central facts supporting these claims have never been litigated in another forum. Accordingly, and as a matter of law, this Court must deny the Motion because:

(1)     Defendant erroneously raises *res judicata* and collateral estoppel defenses to support the Motion in contravention of prevailing Third Circuit case law, when no predicate establishing such defenses appears in the four corners of Plaintiffs' properly pleaded Complaint;

(2)     Defendant improperly requests the Court to take judicial notice of disputed facts outside of the pleadings in this matter;

(3)     Defendant's *res judicata* argument fails the "essential similarity" test applied by the Third Circuit to underlying bankruptcy matters;

(4)    Defendant's collateral estoppel defense fails on its face as the issue presented to this Court concerns Defendant's egregious conduct in breaching the Stipulation, thereby damaging Plaintiffs; and

(5)    Plaintiffs' Complaint successfully states Plaintiffs claims under breach of contract and unjust enrichment caused of action.

## STATEMENT OF FACTS

Defendant improperly raises disputed facts that are well beyond the four corners of the Complaint and pleadings in this matter. Despite Defendants' attempts to muddy the factual waters, the Complaint, which asserts counts sounding in breach of contract and unjust enrichment, alleges all relevant facts for this Court to consider, and details Defendant's breach of the Stipulation (as defined *infra*), which precipitated this action.

### The Parties

Plaintiff Wilmington Hospitality, LLC ("Wilmington Hospitality") is a Limited Liability Corporation with a principal place of business in Delaware. Wilmington Hospitality is organized under the laws of Delaware. (Compl. ¶1)

Plaintiffs Joseph L. Capano, Sr. ("Capano"), and Albert A. Vietri, ("Vietri") both residents of Delaware, are the principals of Wilmington Hospitality. Defendant Branch Banking and Trust Company ("Branch Banking") is a corporation engaged in banking activities, with a principle place of business in North Carolina. Branch Banking is incorporated in North Carolina. Republic Bank ("Republic") was the construction mortgage lender for Wilmington Hospitality and its Principals in conjunction with the construction of a hotel in New Castle County, Delaware formerly known as the Wilmington Radisson Hotel (the "Hotel"). (Compl. ¶¶ 2-3, 6)

### The Bankruptcy and Settlement Agreement

On or about June 29, 2001 ("Petition Date"), Wilmington Hospitality filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court").

The matter is currently pending before the Honorable Diane Weiss Sigmund as Bankruptcy No. 01-19401(the "Bankruptcy Proceedings"). (Comp. ¶ ¶ 6-7)

Great American Leasing Corporation ("GALC") is a party to an equipment finance contract (the "Lease"), which was personally guaranteed by Capano and Vietri, pursuant to which certain kitchen equipment ("Kitchen Equipment") was provided to Wilmington Hospitality to be used in the operation of the Hotel.  On October 10, 2001, Republic filed a motion seeking relief from the automatic stay, and on November 29, 2001, Republic, Wilmington Hospitality, Capano and Vietri entered into a "Stipulation and Settlement Agreement for Relief from the Automatic Stay" (the "Stipulation") was filed.  Although Capano and Vietri were parties to the Stipulation, GALC was not and the Stipulation was approved by the Bankruptcy Court on December 4, 2001. (Comp. ¶¶ 8-9)

The Stipulation required that Wilmington Hospitality provide Republic a Bill of Sale conveying all of the personal property located in the Hotel (but excluding the Kitchen Equipment).  The Stipulation further provided in relevant part:

> In the event that Republic (in its sole discretion) elects not to assume/payoff the GLC (GALC) Lease, the WH (Wilmington Hospitality) and/or GLC (at the election of GLC) shall remove the Kitchen Equipment within 20 days of a written request from Republic or thereafter, the Kitchen Equipment will be deemed abandoned to Republic (free and clear of any claims of GLC and WH).

On or about July 31, 2003, the Debtor's Fourth Amended Plan of Reorganization (the "Plan") dated February 7, 2003, was granted nunc pro tunc to March 19, 2003. Republic had knowledge of and approved of the Plan. Pursuant to the Plan, GALC, who had a secured claim against the Debtor for $295,000.00, was to take possession of the Kitchen Equipment and sell it.  If there was any deficiency of the amount Debtor owed to

GALC over and above the amount recovered by GALC following the sale of the Kitchen Equipment, GALC was to have an unsecured claim for the deficiency.  On or about June 11, 2004, Republic merged into Branch Banking (the "Merger").  (Compl. ¶¶ 10-12)

### Republic's Breach of the Stipulation

Instead of complying with the terms of the Stipulation, Republic breached its agreement with Wilmington Hospitality, Capano and Vietri by claiming ownership and exercising dominion and control over the Kitchen Equipment that was the subject of the Lease and prohibiting GALC from taking possession of the equipment.  In particular, GALC was refused access to the Kitchen Equipment and was unable to remove the Kitchen Equipment after requesting to do so. Republic's breach of the Stipulation has resulted in injury to Wilmington Hospitality, Capano and Vietri, all of whom were parties to the Stipulation, since GALC was not permitted to auction the Kitchen Equipment as was mandated by the Plan and the Stipulation.  Since GALC was never permitted to auction the Kitchen Equipment to reduce its unsecured claim, GALC has asserted a deficiency claim against Wilmington Hospitality for $170,000.00, which is personally guaranteed by Capano and Vietri. (Compl. ¶¶ 16-17).

## ARGUMENT

This Court should deny the Motion, because:

(1)    Defendant erroneously raises *res judicata* and collateral estoppel defenses to support the Motion in contravention of prevailing Third Circuit case law, when no predicate establishing such defenses appears within the four corners of Plaintiffs' properly pleaded Complaint;

(2)    Defendant improperly requests that this Court take judicial notice of disputed facts outside of the pleadings in this matter;

(3)    Defendant's *res judicata* argument fails the "essential similarity" test applied by the Third Circuit to underlying bankruptcy matters;

(4)    Defendant's collateral estoppel defense fails on its face as the issue presented to this Court is not the valuation of the Kitchen Equipment, but concerns Defendant's egregious conduct in breaching the Stipulation, thereby damaging Wilmington Hospitality, Capano, & Vietri; and

(5)    Plaintiffs' Complaint successfully states Plaintiffs claims under breach of contract and unjust enrichment caused of action.

## I.    Standard of Review

The Motion states that Defendants challenge the Complaint under Federal Rules of Civil Procedure 12(c) and 12(b)(6); however, Defendants improperly incorporate 'facts' that are well outside the four corners of the Complaint and relevant pleadings in this matter. By way of example, Defendant alleges disputed 'facts' outside of the four corners of the Complaint, including:

(1)    The alleged purpose of the Stipulation ( See Motion, P. 7);

6

(2)     Plaintiff Wilmington Hospitality's alleged failure to comply with the Stipulation ( See Motion, P. 8)

(3)     The substance of June 12, 2002 Order of the Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") (See Motion, P.8);

(4)     The substance of an April 18, 2003 Opinion of the Bankruptcy Court ( See Motion, P.9)

(5)     The substance of an October 3, 2003 Opinion of the Delaware Court of Chancery ("Chancery Court") (See Motion, P.9); and perhaps most importantly

(6)     The substance of a January 10, 2005 opinion of the Bankruptcy Court.

Clearly, a summary judgment standard of review under Fed. R. Civ. P. 56 is more appropriate to evaluate the Motion, which improperly incorporates and uses disputed 'facts' clearly outside the four corners of the Complaint. Nevertheless, this Court should deny Defendant's Motion, which fails under Rules 12(c), 12(b)(6), and 56 as material issues of fact are and remain in dispute and the Complaint states claims upon which relief can be granted such to withstand Defendant's improper challenge.

A.     **Rule 12(c)**

Courts evaluate motions on the pleadings after all pleadings are closed but "within such time as not to delay trial". *See* Fed. R. Civ. P. 12(c). Further, when deciding motions to dismiss pursuant to Fed. R. Civ. P. 12(c), courts must view facts and any inferences to be drawn from the pleadings in the light most favorable to the non-moving

party.  *See TCW/Camil Holdings LLC v. Fox Huran & Camerini L.L.P.* (*In re TCW/Camil Holding L.L.C.*), 2005 U.S. Dist. LEXIS 9659 (D. Del, May 12, 2004) (*citing Green v. Fund Asset Mgmt., L.P.*, 245 f. 3d. 214, 220 (3d. Cir. 2001).

Further, courts should only grant 12(c) motions when it is clear that no material issues of fact remain to be resolved and the movant is entitled to judgment as a matter of law.  *Id.*  The relevant issue for this Court to resolve as it evaluates the Motion is whether Plaintiffs can prove any set of facts consistent with the Complaints allegations, and not whether Plaintiffs will ultimately prevail in this matter.  *See Kent v. Construzione Acronautiche Giovanni Augusta, S.P.A., et. al.* 1990 U.S. Dist. LEXIS 12 583, *4 (E.D. Pa. September 19, 1990).

**B.    Rule 12(b)(6)**

Where motions for judgment on the pleadings are based on a failure to state a claim for which relief may be granted, the standards which govern Rule 12(b)(6) motions apply.  *Id.*  Courts evaluating whether a claim should be dismissed under Rule 12(b)(6) look only for the facts alleged in the complaint and its attachments without reference to other parts of the record.  *See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20f.3d 1250, 1261 (3d Cir. 1994).*  As the purpose of a challenge under Rule 12(b)(6) is to test the legal sufficiency of a complaint, Courts may grant a 12(b)(6) motion to dismiss where it is clear that no relief can be granted under a set of facts consistent with the complaint's allegations.  *See E.I. Dupont DeNemours v. Great Lakes Chemical Corp.*, 383 F. Supp. 2d 642, 2005 U.S. Dist. LEXIS 17478, *6  (D. Del. August 22, 2005), *Argos v. Orthotec LLC*, 304 F. Supp. 2d. 591, 595-596 (D. Del. 2004).  As Plaintiffs will demonstrate *infra*,

the Complaint in this matter adequately states Plaintiff's claims of breach of contract and
unjust enrichment against Defendant.

    **C.**    **<u>Rule 56</u>**

    Rule 56 of the Federal Rules of Civil Procedure provides courts with the
discretion to convert a 12(b)(6) motion to dismiss to a motion for summary judgment,
and courts exercise that discretion where the  conversion is likely to "facilitate the
disposition of the action.'" *T.H. Services Group, Inc. v. Independence Blue Cross, et. al.,*
1999 U.S. Dist. LEXIS 2798, *14 (E.D.Pa. March 4, 1999) ( (*quoting Kuestner v. Health
and Welfare Fund*, 972 F. Supp. 905, 909 (E.D. Pa. 1997). Such a conversion, however
"may be improper when the motion to dismiss is filed before discovery begins or during
its early stages." *Id.  See also Randolph Associates v. Wakefern Food Corp*., 527 F.Supp.
599, 602 (D.N.J. 1981).

    Summary judgment is proper only if the pleadings or other evidence on file
(including exhibits attached by Plaintiff to its Complaint) demonstrate "[t]hat there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as
a matter of law." Fed R. Civ. P. 56. When considering a motion for summary judgment,
the court must view all facts and inferences in the light most favorable to the non-moving
parties, but only genuine disputes of fact that could change the outcome of the case under
the governing substantive law can preclude the entry of summary judgment. *See
Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). A party's failure to make a
sufficient showing of an essential element of its case renders all other facts immaterial.
*See Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).

**II**    **The Motion Fails as Defendant Improperly Asserts Res Judicata and Collateral Estoppel When No Predicate for these Affirmative Defenses Exist on the Face of the Complaint**

Defendant seeks the shelter of 'judicial notice' to incorporate 'facts' which are far outside of the record in this matter to bolster its faulty *res judicata* and collateral estoppel arguments.[1] However, Defendant's lengthy and tortured *res judicata* and collateral estoppel arguments must fail as the Third Circuit Court of Appeals recently reaffirmed the longstanding rule that a District Court may only grant a 12(b)(6) motion on the basis of Fed. R. Civ. P. 8(a) affirmative defenses (like *res judicata* and collateral estoppel) "<u>if the predicate establishing the defense is apparent from the face of the Complaint</u>." *See Brody v. Hankin*, 2004 U.S. App. LEXIS 18778, 6 (3rd Cir. August 29, 2005)(<u>emphasis added</u>); *See also Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3rd Cir. 1997).

*Brody* is instructive for the case at bar. In *Brody*, plaintiff real estate investors sued their investment partners for, *inter alia*, breach of fiduciary duty and certain business torts, resulting from defendant investment partner's actions in allegedly unilaterally amending partnership agreements to alter the order of payment to investors to plaintiff's detriment.    *Brody*, 2005 U.S. App. LEXIS at *2.    Plaintiffs initially commenced an arbitration proceeding against defendant.  Ultimately, the arbitration panel

---

[1] As Defendant is no doubt aware, Third Circuit courts deny 12(b)(6) motions allege that are clearly outside the four corners of the complaint. Courts, when evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6) , are typically limited to consideration of those facts that are alleged in the pleadings.  *See JM Mech. Corp. v. U.S.*, 716 F.2d 190, 197 (3d Cir. 1983)(overruling district court's grant of motion to dismiss under Rule 12(b)(6) because it "chose to consider matters outside the bounds of the complaint in making its legal findings on the legal sufficiency of the claim."); *see also Delaware Health Care*, 893 F. Supp. 1279, 1285 (D. Del. 1995) ("In the context of a Rule 12(b)(6) motion to dismiss, the Court must limit its consideration to the well-pleaded facts alleged by plaintiff in its complaint and accept them as true.") (citations omitted).

hearing the case dismissed defendant investment partner as an individual, although his company remained in the state court arbitration. *Id*. at *3.

After the arbitration panel issued a decision and entered an award in favor of plaintiffs against defendant's company, plaintiffs filed an action in state court, which defendants removed to federal court. Defendant subsequently filed a motion to dismiss under 12(b)(6), asserting that the facts enunciated by the arbitration panel precluded plaintiffs' federal lawsuit on *res judicata* grounds. *Id*.

The District Court agreed with defendant, granted Defendant's motion on *res judicata* grounds, and in so doing took judicial notice of the factual substance detailed in the arbitration award. *Id*. at * 4.  In reversing the District Court decision, the Third Circuit held that a *res judicata* bar to Plaintiff's claim was not evident from the face of the complaint and the District Court erroneously took judicial notice of the facts purportedly supporting the arbitration award. *Id*. at * 9.   Importantly, for purposes of evaluating the Motion, the *Brody* Court, in its findings that the District Court was in error when it took judicial notice of the arbitration panel's factual recitation, contained in the arbitration panel award, held that courts <u>cannot take judicial notice of another court's opinion for the truth of the matter asserted, but only for the existence of the opinion</u>.  *Id* at *10. (<u>emphasis</u> <u>added</u>)

Defendant, like the *Brody* defendants, attempts to improperly and selectively incorporate 'facts' from opinions and orders of other courts to bolster its faulty argument that this litigation is about valuation of the Kitchen Equipment, and not about Defendant's breach of the Stipulation, as alleged in Plaintiffs' properly pleaded Complaint.  Defendant's Motion improperly incorporates disputed factual conclusions

from no less than four (4) opinions and/or orders from other jurisdictions, including: (1) the June 12, 2002 Order of the Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") (See Motion, P.8); (2) the April 18, 2003 Opinion of the Bankruptcy Court ( See Motion, P.9), (3) the October 3, 2003 Opinion of the Delaware Court of Chancery ("Chancery Court") (See Motion, P.9); and the January 10, 2005 opinion of the Bankruptcy Court.

Similar to the *Brody* defendants, Defendant asks this Court to take judicial notice of disputed facts which are beyond the four corners of the Complaint, because these 'facts' are contained in court opinions. Incredibly, Defendant incorporates whole pages of 'facts', particularly from the bankruptcy Court's January 10, 2005 opinion, which Defendant believes supports its misguided *res judicata* and collateral estoppel arguments.

Respectfully, Defendant is wrong. The predicate for these Fed. R. Civ. P. 8(a) affirmative defenses are simply not apparent from the face of the Complaint, and this Court must therefore deny the Motion. *See also Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3rd Cir. 1997)(Third Circuit reversed District Court and held that defendants' *res judicata* arguments that relied on Court taking judicial notice of facts enunciated in prior state court decisions failed as the state court decisions were outside of the scope of the pleadings).

Finally, all of the opinions erroneously cited and liberally quoted by Defendant have nothing to do with the issue in this case, which is simple: Plaintiffs had a contract with Defendant pursuant to which Plaintiff had two options on how it would deal with proceeds relating to the Kitchen Equipment, GALC's collateral. Defendants failed to proceed under either option, breached the Stipulation and Plaintiffs suffered damages.

The value of the Kitchen Equipment and the rights between GALC and Defendant are irrelevant. There has been no ruling addressing the validity or breach of the Stipulation. The Court should deny the Motion.

### III. The Motion Fails Under Defendant's Erroneous Reading of the Judicial Notice Doctrine Which Cannot Justify Defendant's Liberal Use of Matters Outside the Pleadings

The Court must dismiss the Motion, which attempts to utilize an extremely liberal reading of Fed R. Evid. 201 to insert and rely upon a multitude of 'facts' to support its *res judicata* and collateral estoppel challenges to Plaintiff's properly pleaded Complaint. By way of example, Defendant alleges facts outside of the pleadings in this matter concerning:

(1)    the purpose of the Stipulation ( See Motion, P. 7);

(2)    Plaintiff Wilmington Hospitality's alleged failure to comply with the Stipulation ( See Motion, P. 8)

(3)    the substance of June 12, 2002 order of the Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") (See Motion, P.8);

(4)    the substance of an April 18, 2003 Opinion of the Bankruptcy Court ( See Motion, P.9)

(5)    the substance of an October 3, 2003 Opinion of the Delaware Court of Chancery ("Chancery Court") (See Motion, P.9); and perhaps most importantly

(6)    the substance of a January 10, 2005 opinion of the Bankruptcy Court.

Defendant, perhaps to circumvent Rule 56 of the Federal Rules of Civil Procedure

(allowing the Court to convert motions such as Defendant's into a motion for summary judgment), relies on Fed. R. Evid. 201 to assert that this Court may take judicial notice of the various 'facts' asserted by the Motion.  *See* Fed R. Evid. 201.

However, Defendant's application of Fed. R. Evid. 201 in the motion suggests a misreading of the rule and relevant Third Circuit case law applying this rule. Fed. R. Evid. 201(b) states: "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to other sources whose accuracy cannot be reasonably questioned." *See also Seikridge v. United of Omaha Insurance Co*., 360 F 3d 155, 164 n. 15 (3rd Cir. 2004); *Werner v. Werner,* 267 F.3d 288, 295 (3rd Cir. 2001).

Importantly, while courts may take judicial notice of other court opinions and proceedings for the purpose of a motion to dismiss, <u>courts may not take judicial notice of another Court's opinion for the truth of the matter asserted</u>.  *Brody v. Hankin*, 2005 U.S. App. LEXIS 18778 at *10 (3rd Circuit reversed District Court decision granting motion to dismiss where District Court took judicial notice of and incorporated an arbitration panel's factual description of litigants' claim)(emphasis <u>added</u>); *Southern Cross Oversew, Inc. v. Wah Kwong Shipping Group LTD*., 181 F3d 410, 426 (3rd Cir. 1999); *see also International Star Class Yacht Racing Association v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66,70 (2nd Cir. 1998) (Facts adjudicated in a prior case do not meet the Rule 201(b) indisputability test, are not common knowledge, and are not derived from unimpeachable sources), *Kramer v. Time Warner Inc*., 937 F. 2d 767, 774 (2nd Cir. 1991) (<u>Facts contained in a bankruptcy order were improper for judicial notice</u>) (<u>emphasis</u> <u>added</u>),

*Morrissey v. Luzerne County Community College*, 2004 U.S. App. LEXIS 21648, *16 (3rd Cir. September 28, 2004) ("[T]aking judicial notice of the truth of the contents of the filing from a related action could reach, and perhaps breach the boundaries of proper judicial notice.") (*quoting Werner v. Werner,* 267 f. 3d 288, 295 (3rd Cir. 2001), *Inductotherm Industries, Inc. v. U.S.A*., 2002 U.S. Dist. LEXIS 14046, *6 (D.N.J. March 27, 2002) (A court may take juridical notice of documents filed in another court not for the truth asserted therein, but to establish the fact of the litigation).

Here, Defendant erroneously argues that this matter is really about the valuation of the Kitchen Equipment and that Plaintiff brings the same claim and raises the same issues that were previously litigated in Bankruptcy Court and Chancery Court. However, Plaintiffs' well pleaded Complaint clearly alleges a cause of action arising out of Defendant's breach of the Stipulation. Defendant's (mis) reading of Plaintiffs' claims are the result of Defendant's flagrant misapplication of Fed R. Evid. 201, and improper incorporation and mischaracterization of 'facts' garnered primarily from various court orders and opinions.

By way of example, Defendant quotes factual conclusions from other Court opinions to bolster its argument that the case at bar is really about the valuation of the Kitchen Equipment, including: (1) the June 12, 2002 Order of the Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Court") (*See* Motion, P.8); (2) the April 18, 2003 Opinion of the Bankruptcy Court ( *See* Motion, P.9), (3) the October 3, 2003 Opinion of the Delaware Court of Chancery ("Chancery Court") (*See* Motion, P.9); and the January 10, 2005 opinion of the Bankruptcy Court. Particularly egregious is Defendant's incorporation of the factual summary of the Bankruptcy Court's  January 10,

15

2005, which goes for approximately two (2) pages. (*See* Motion, Pp. 10-12). Defendant's application of the judicial notice doctrine in clearly in contravention of Third Circuit law, and accordingly, this Court must deny the Motion.

**IV.    This Court Must Deny Defendant's Motion as Defendant's Res Judicata and Collateral Estoppel Challenges Do Not Bar Plaintiffs' Properly Pleaded Breach of Contract and Unjust Enrichment Claims**

      **A.    *Defendant's Overly Broad Application of Res Judicata Fails to Overcome the "Essential Similarity" Test As Applied in the Bankruptcy Court Context by the Third Circuit***

Even if the Court considered Defendant's erroneously asserted *res judicata* challenge, the applicable case law supports a Court's denial of the Motion in this instance as Defendant has failed to establish that Plaintiffs' breach of contract and unjust enrichment claims are so linked to a prior claim litigated in the Bankruptcy Court that it would have been unreasonable not to have brought both claims in that forum. *Eastern Minerals & Chemicals v. Mahan*, 225 F.3d 336, 337 (3rd Circuit 2000).

*Res judicata* acts to preclude a party from raising claims that were or could have been asserted in a prior action. *EXDS, Inc v. Ernst & Young, LLP ( In re: EXDS, Inc.)*, 316 B.R. 817, 821 (Bankr. D. Del. 2004). *Res judicata* applies when three factors are present: (1) a final judgment on the merits in a prior action involving (2) the same parties or their privies, and (3) a subsequent litigation based on the same cause of action. *Id.*

Third Circuit courts, in determining whether to preclude the assertion of a claim under *res judicata*, evaluate whether there is an "essential similarity of underlying events" between the present claim and a prior claim. *See Eastern Minerals & Chemicals v. Mahan*, 225 F.3d 336, 337 (3rd Circuit 2000); *See also Cohen v. TIC Financial Systems (In re Ampace Corp.*), 279 B.R. 145 154 (Bankr. D. Del. 2002), *Phillips Services Corp. v.*

*Luntz* (*In re: Philip Services, Inc.*), 267 B.R. 62, 67 (Bankr. D. Del. 2001); *See also Novacare Holdings, Inc. v. Mariner Post-Acute Network, Inc.* 267 B.R. 46, 53 (Bankr. D. Del. 2001).

Importantly, a Third Circuit holding notes the difficulty in applying this "essential similarity" test to the bankruptcy contest; accordingly Third Circuit courts hold that, in the context of a claim where the underlying case is a bankruptcy matter, courts should not bar a claim unless the "factual underpinning, theory of the case, and relief sought against the parties to the proceeding" are so linked to a prior claim litigated in the underlying bankruptcy matter that it would have been unreasonable not to have brought both claims in the bankruptcy forum. *Eastern Minerals & Chemicals v. Mahan*, 225 F. 3d at 337. Courts apply this analysis to claims related to bankruptcy cases because bankruptcy cases, particularly Chapter 11 bankruptcy matters, are not "discrete lawsuits"; rather, they are "expensive" and complex" proceedings initiated by the filing of a petition for relief, and ultimately providing litigation forum for a multiple and various contested claims, adversary proceedings, and other contested matters. *Id.*

Further, the Third Circuit, in their analysis of the difficulty in applying *res judicata* to preclude a claim arising out of an underlying bankruptcy case, have noted that, unlike traditional civil litigation matters, where parties are named in the complaint and the issues are spelled out in the pleadings, bankruptcy cases have multiple parties of interest who may not be named in a particular bankruptcy pleading, including, the debtor, all of the creditors of the bankruptcy estate, shareholders, employees, landlords, and vendors; a particular motion , application or other bankruptcy pleadings may not name all of these parties even though one party may have an interest in a particular contested

bankruptcy matter. *See Novacare Holdings, Inc*., 267 B.R. at 53.   Indeed courts in this Circuit caution that to apply *res judicata* so broadly as to require a party to raise all interests and claims that it may have in the bankruptcy context would bring the bankruptcy process "to a halt".  S*ee Novacare Holdings*, 267 B.R. at 53.

The facts of the *Eastern Minerals* case, cited with approval by Defendant in its brief, is instructive for the case at bar. In *Eastern Minerals*, plaintiff, a party to a sales agency contract, became a creditor of the other party's bankruptcy estate after that company filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. *Eastern Minerals & Chemicals v. Mahan*, 225 F. 3d at 332. Plaintiff creditor was very active in the bankruptcy proceedings, including drafting a petition to disqualify the debtor's counsel, objecting to the appointment of certain accountants and consultants, and objecting to the sale of the debtor's assets. *Id.* at 332-333.

After the debtor's bankruptcy case was closed, plaintiff creditor filed a complaint in state court against the sole shareholder of the debtor company, alleging a piercing the corporate veil theory. Defendant shareholder removed the matter to federal court, and filed a motion to dismiss on *res judicata* grounds, asserting that the confirmation order entered by the bankruptcy court was a final judgment on the merits and precluded plaintiff creditor from bringing the subsequent lawsuit. *Id*. at 333. The district court dismissed plaintiff's lawsuit, holding that plaintiff should have brought the claim in the bankruptcy court. *Id*.

The Third Circuit, in reversing the district court, held that plaintiff, although active in the underlying bankruptcy case, never litigated any cause of action against the defendant that sought the relief requested in the subsequent lawsuit. *Id*. at 338. The Court

went further to state that "[a]lthough some of the descriptions of certain events and particular relationships are common to both claims, the theory of the case and relief sought in [the subsequent lawsuit] are markedly different" from a draft complaint that plaintiff considered filing in the underlying bankruptcy matter. *Id*.

This Court can only come to a similar conclusion in this matter. Although there are facts which overlap between the prior Bankruptcy Court and Chancery Court proceedings, the facts central and essential to Plaintiffs' Complaint have never been raised in a prior court proceeding; namely that Plaintiffs had a contract with Defendant pursuant to which Plaintiff had two options on how it would deal with proceeds relating to the Kitchen Equipment, GALC's collateral. Defendants failed to proceed under either option, breached the Stipulation and Plaintiffs suffered damages.

Defendant's attempt to improperly insert disputed facts outside the pleadings and erroneously mischaracterize these 'facts' to bolster its *res judicata* argument cannot negate the clear difference between the facts alleged and claims asserted in the case at bar as opposed to any prior court proceedings. Accordingly, this Court should deny the Motion.

### B. *Defendant's Collateral Estoppel Arguments Similarly Fail as Plaintiffs Raise Issues in this Litigation that Have Not Been Litigated in Prior Proceedings*

Defendant's attempt to apply collateral estoppel to preclude Plaintiff's properly pleaded breach of contract and unjust enrichment claims similarly fail as the issues raised in the Complaint have not been raised in any prior litigation.

Courts in this Circuit apply collateral estoppel, as articulated in the Restatement (Second) of Judgments which states: "When an issue of fact or law is actually litigated

and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments § 27* (1980). Courts may only apply the doctrine of issue preclusion when: (1) the issue sought to be precluded is the same as that involved in the prior action, (2) that issue was actually litigated and (3) determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *See National Railroad Passenger Corp. v. Penn. Public Utility Comm.*, 288 F. 3d. 519, 525 (3d.Cir.2002); *Cordis Corp. v. Boston Scientific Corp.*, 2005 U.S. Dist. LEXIS 10795, *5 (D. Del June 3, 2005); *Medtronic Advanced Cardiovascular System, Inc.*, 2004 U.S. Dist Lexis 26756, *8( D. Del., December 17, 2004).

Even where a movant has established all the criteria for the application of collateral estoppel, application of the doctrine is "subject to [an] overriding fairness determination by the trial judge." *National Railroad Passenger Corp. v. Penn. Public Utility Comm.*, 288 F. 3d. at 525. (*quoting Burlington Northern Railroad Co. v. Hyundai Merchant Marine,* 63 F.3d 1227 (3d Cir. 1995)). The party resisting issue preclusion should be "permitted to demonstrate . . . that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" *Id.*

Here, and as stated *supra*, Plaintiffs have never raised the issue of Defendant's breach in any other proceeding. Defendant's Motion, which selectively and improperly cuts and pastes disputed facts from sources outside the face of the Complaint or other pleadings in this matter, cannot avoid the Complaint's properly pleaded allegations of contract breach and unjust enrichment, and the damages resulting therefrom. The parties

20

to this matter have never litigated these issues in bankruptcy Court, Chancery Court or any other jurisdiction. Defendant's argument as to why the Court should dismiss this matter barely challenge Plaintiffs' core assertion of facts; rather Defendant seeks to posit its tortured valuation argument based upon disputed 'facts' outside the pleadings in this matter. Accordingly, this Court should disregard Defendant's 'red herring' arguments and deny the Motion.

## V.    The Court Should Deny the Motion as Plaintiffs have Adequately Pleaded their Breach of Contract

This Court should deny the Motion as Plaintiffs have plead in their Complaint that: (a) Plaintiffs and Defendant entered into the Stipulation whereby Defendant was to allow GALC to remove the Kitchen Equipment, (b) Defendant breached the Agreement when it refused to allow GALC to remove the Kitchen Equipment, and (c) Plaintiff suffered damages in an amount of no less than $170,000.00 as a result of Defendant's breach. Clearly, the Complaint's allegations are sufficient to withstand a motion to dismiss in Delaware, where plaintiffs must allege: (i) the existence of a contract, (ii) a breach of an obligation created by that contract, and (iii) damages resulting from the breach. *See Albert v. Albert Brown Management Services, Inc.*, 2005 Del. Ch. LEXIS 133, *21 (August 26, 2005); *Frazier v.American Airlines, Inc.*, 2004 U.S. Dist. LEXIS 19875, *7 (D. Del. August 26, 2005); *Crowhorn v. Nationwide Mut. Ins. Co.*, 2001 Del Super. LEXIS 358, *7 (Del Super. CT., April 26, 2001). Accordingly, this Court must deny the Motion in its entirety.

**VI.    The Court Should Deny the Motion as Plaintiffs Have Adequately Pled a Claim for Unjust Enrichment**

Plaintiffs have adequately pled their claim for unjust enrichment, which is defined as the unjust retention of a benefit to the detriment of another, or act of the retaining money or property against "fundamental principals of justice, equity and good conscience." *Student Finance Corp. v. Royal Indemnity Co.*, 2004 U.S. Dist. LEXIS 4952, *21 (D. Del. March 23, 2004).  In Delaware, the elements of unjust enrichment are: (1) and enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment ; (4) the absence of justification; and (5) the absence of a remedy at law. *Street Search Partners v. Ricon Int'l*, 2005 Del. Super. LEXIS 246 *9 (Del. Super. August 1, 2005).

This Court must deny the Motion, as the Complaint alleges the requisite elements of unjust enrichment. The Complaint alleges that: (1) Republic Bank was enriched by retaining the Kitchen Equipment; (2) Plaintiffs were impoverished by GALC filing a $170,000.00 deficiency claim against Wilmington Hospitality because of Republic bank's actions, (3) Republic Bank's enrichment and the Plaintiff's impoverishment were both the result of Republic Bank's retention of the Kitchen Equipment; and (4) Republic bank retained the Kitchen Equipment in violation of the Stipulation and without justification.

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,


<u>/s/ Robert D. Ardizzi, Esquire</u>
Robert Daniel Ardizzi, Esquire
Delaware Bar No. 3602
DAVIS, BUCCO & ARDIZZI
2 North Colonial Avenue
Elsmere, DE 19805
(302) 345-9808
Attorney for Plaintiff


Albert A. Ciardi, III, Esquire
Michael A. Bowman, Esquire
CIARDI & CIARDI, P.C.
One Commerce Square, Suite 2020
2005 Market Street
Philadelphia, PA 19103
(215) 557-3550
Attorney for Plaintiffs