## THE UNTIED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILMINGTON HOSPITALITY, LLC,           :
A Delaware limited liability company,   :
JOSEPH L. CAPANO, SR., and ALBERT       :
A. VIETRI,                              :
                                        :   C.A. No. 05-180-KAJ
     Plaintiffs,                       :
                                        :
    v.                                :
                                        :
BRANCH BANKING & TRUST COMPANY,         :
a foreign corporation,                  :
                                        :
     Defendant.                        :
                                        :

## DEFENDANT'S REPLY BRIEF IN SUPPORT
## OF ITS MOTION TO DISMISS

### BLANK ROME LLP

Elizabeth A. Wilburn (#3666)
Michelle A. Bimson (# 4381)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 428-6400
Facsimile: (302) 425-6464

Dated: November 11, 2005

# **TABLE OF CONTENTS**

Page No.

INTRODUCTION ...........................................................................................................................1

REBUTTAL ARGUMENT ............................................................................................................3

I.   THE APPLICATION OF JUDICIAL NOTICE IN THIS CASE IS ENTIRELY
     APPROPRIATE AND CONSISTENT WITH APPLICABLE LAW...................................3

     A.   Plaintiffs Attached Key Documents To Their Complaint And Those
          Documents Are Incorporated By Reference And Properly Before The
          Court. ........................................................................................................................3

     B.   The Documents Appended to Defendant's Motion to Dismiss Are
          Properly Before the Court. .......................................................................................4

     C.   The Application of Judicial Notice is Appropriate Under Applicable Law. ...........4

II.  THE APPLICATION OF RES JUDICATA AND COLLATERAL ESTOPPEL IS
     APPARENT ON THE FACE OF PLAINTIFFS' COMPLAINT. ......................................7

III. RES JUDICATA IS PROPERLY APPLIED UNDER THE "ESSENTIAL
     SIMILARITY" TEST. ........................................................................................................9

IV.  COLLATERAL ESTOPPEL IS PROPERLY APPLIED IN THIS CASE AND
     THE OVERRIDING FAIRNESS OVERWHELMINGLY FAVORS REPUBLIC
     TO PRECLUDE FURTHER LITIGATION ON THE ISSUE OF THE KITCHEN
     EQUIPMENT. ..................................................................................................................11

V.   PLAINTIFF HAS FAILED TO STATE CLAIMS FOR BREACH OF
     CONTRACT OR UNJUST ENRICHMENT. ...................................................................13

     A.   Plaintiffs Have Failed To State A Claim For Breach Of Contract Because
          They Cannot Establish They Have Suffered Any Damages...................................13

     B.   Plaintiffs Fail To State A Claim For Unjust Enrichment.......................................13

     C.   The Existence Of The Contract Bars Plaintiffs' Claim For Unjust
          Enrichment.............................................................................................................14

CONCLUSION.............................................................................................................................16

113397.00601/40157861v.1

# TABLE OF AUTHORITIES

## CASES

*Benefit Trust Life Ins. Co. v. Union Nat'l Bank,*
  776 F.2d 1174 (3d Cir. 1985)......................................................................................14

*Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,*
  402 U.S. 313 (1971).....................................................................................................12

*Brody v. Hankin,*
  2005 WL 2077180 (3d Cir. Aug. 29, 2005)...............................................................7, 8

*In re Burlington Coat Factory Sec. Litig.,*
  114 F.3d 1410 (3d Cir. 1997).........................................................................................6

*Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.,*
  63 F.3d 1227 (3d Cir. 1995).........................................................................................12

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986).....................................................................................................13

*Charal Investment Co., Inc. v. Rockefeller,*
  131 F. Supp. 2d 593 (D. Del. 2001), *aff'd sub nom. In re Rockefeller Center*
  *Props., Inc. Sec. Litig.,* 311 F.3d 198 (3d Cir. 2002).....................................................6

*Chester County Intermediate Unit v. Pennsylvania Blue Shield,*
  896 F.2d 808 (3d Cir. 1990)...........................................................................................5

*In re Colonial Mortgage Bankers Corp.,*
  324 F.3d 12 (1st Cir. 2003)............................................................................................5

*Cordis Corp. v. Boston Scientific Corp.,*
  2005 WL 1331172 (D. Del. June 3, 2005)..............................................................11, 12

*Cross Overseas Agencies Inc. v. Wah Kwong Shipping Group Ltd.,*
  181 F.3d 410 (3d Cir. 1999)...........................................................................................6

*Duffy v. Charles Schwab & Co., Inc.,*
  123 F. Supp. 2d 802 (D.N.J. 2000)..............................................................................14

*Frazier v. American Airlines, Inc.,*
  2004 WL 2228298 (D. Del. Sept. 30, 2004)..................................................................7

*Freedman v. Beneficial Corp.,*
  406 F. Supp. 917 (D. Del. 1975)..................................................................................14

*Goodwin v. Elkins & Co.*,
 730 F.2d 99 (3d Cir.) (Becker, C.J. concurring), *cert. denied*, 469 U.S. 831
 (1984)................................................................................................................................6

*Hershey Foods Corporation v. Ralph Chapek, Inc.*,
 828 F.2d 989 (3d Cir. 1987).......................................................................................... 14

*Iacaponi v. New Amsterdam Cas. Co.*,
 379 F.2d 311 (3d Cir. 1967)..............................................................................................7

*ID Biomedical Corp. v. TM Technologies, Inc.*,
 1995 WL 130743 (Del. Ch. Mar. 16, 1995)..................................................................15

*Inductotherm Indust., Inc. v. United States*,
 2002 U.S. Dist. LEXIS 14046 (D.N.J. Mar. 26, 2002)...................................................5

*Jackson Nat'l Live Ins. Co. v. Kennedy*,
 741 A.2d 377 (Del. Ch. 1999)......................................................................................14

*Nevada v. United States*,
 463 U.S. 110 (1983).........................................................................................................9

*Oneida Motor Freight, Inc. v. United Jersey Bank*,
 848 F.2d 414 (3d Cir. 1988)..........................................................................................10

*Oshiver v. Levin, Fishbein, Sedran & Berman*,
 38 F.3d 1380 (3d Cir. 1994)............................................................................................5

*Patrowicz v. Transamerica HomeFirst, Inc.*,
 359 F. Supp. 2d 140 (D. Conn. 2005).............................................................................8

*Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc.*,
 2005 WL 2993937 (D. Del. Nov. 8, 2005)...................................................................14

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
 998 F.3d 1192 (3d Cir. 1993)..........................................................................................6

*Robertson v. Bartels*,
 148 F. Supp. 2d 443 (D.N.J. 2001), *aff'd*, 534 U.S. 1110 (2002) .................................11

*United States v. Athlone Indus. Inc.*,
 746 F.2d 977 (3d Cir. 1984).............................................................................................9

*In re Wilmington Hospitality, LLC*,
 2003 WL 21011689 (Bankr. E.D. Apr. 18, 2003) ..........................................................4

*In re Wilmington Hospitality, LLC,*
320 B.R. 73 (Bankr. E.D. Pa. 2005) .............................................................................4

## OTHER AUTHORITIES

Fed. R. Civ. P. 12(b) .......................................................................................................5, 15

Fed. R. Civ. P. 12(c) ...........................................................................................................15

*Restatement (Second) of Judgments* § 24 (1982)...................................................................9

iv

## INTRODUCTION

At its heart, this action is designed to harass Defendant Branch Banking & Trust Company, successor in interest to Republic Bank ("Republic" or the "Bank"), into paying Plaintiffs Wilmington Hospitality, LLC ("WH"), and its principals Joseph L. Capano, Sr. "(Capano") and Albert L. Vietri ("Vietri," hereinafter "Plaintiffs") $170,000 on bogus claims just to avoid further litigation. Notwithstanding the Bank's prior losses in excess of $8 million as a result of Plaintiffs' defaults on their commercial obligations to the Bank, WH's later bankruptcy filing, and related litigation in conjunction with Plaintiffs' failed efforts to open the building formerly known as the Wilmington Radisson Hotel (the "Hotel"), Plaintiffs purport to plead claims for breach of contract and unjust enrichment. In order to prove either claim, Plaintiffs must be damaged. Plaintiffs' alleged injury is derived solely from the Bank's settlement with the kitchen equipment lessor for the Hotel, GreatAmerica Leasing Corporation ("GALC"). Plaintiffs contend the kitchen equipment has a value higher than that compromised by the Bank and GALC, yet Plaintiffs sat on this claim for years before ever asserting their rights – if they have any rights with respect to the kitchen equipment in the first place. Because WH had the opportunity to litigate the value of the kitchen equipment in numerous other actions prior to bringing this suit, and because the Bankruptcy Court has already found that the value settled upon by the Bank and GALC was the fair market value of the equipment, Plaintiff's complaint (the "Complaint") should be dismissed on *res judicata* and collateral estoppel grounds and for failure to plead the essential elements of their claims under any set of facts that could be proven at trial.

In opposition to Defendant's Motion to Dismiss, Plaintiffs first attempt to distance themselves from the lengthy litigation history between these same parties on these very same issues. Plaintiffs want to turn a deaf ear, and have the Court do so as well, from the prior

1

holdings of the Bankruptcy Court and the Delaware Court of Chancery with respect to the value of the equipment and the questionable nature of Plaintiffs' rights in the equipment. Plaintiffs' overreaching with respect to the judicial notice doctrine is best exemplified by their request that the Court disregard the terms and plain meaning of the very stipulation they contend the Bank has breached, despite having attached and quoted from the stipulation in their complaint. Furthermore, Plaintiffs' contention that the defenses of *res judicata* and collateral estoppel are not apparent on the face of the Complaint is belied by Plaintiffs' own reference to the prior decisions of the Bankruptcy Court involving GALC's claim to the kitchen equipment. Even under Plaintiffs' own tortured reading of the law, it is proper for the Court to take judicial notice of prior proceedings to evidence the existence of the extensive previous litigation in the Bankruptcy Court between the debtor, and creditors Republic and GALC.

Putting aside the application of *res judicata* or collateral estoppel, Plaintiffs' Complaint should still be dismissed because Plaintiffs cannot establish a *prima facie* case for breach of contract or unjust enrichment under any set of facts that could be proven at trial. Plaintiffs cannot establish that they have been injured by any action of Republic, nor can they establish that Republic has been unjustly enriched by any action associated with the kitchen equipment. Instead, Plaintiffs were benefited by the settlement between Republic and GALC because the amount of the settlement reduced the amount of Plaintiffs' deficiency to GALC. In addition, Republic was not enriched because it paid money to settle the GALC claim, over and above the multi-million dollar loss it had already taken with respect to the Hotel and in litigation expenses. For these reasons, and for the reasons set forth in Defendants' Opening Brief to its Motion to Dismiss (the "DOB"), Plaintiffs' Complaint should be dismissed with prejudice.

2

## REBUTTAL ARGUMENT

## I.   THE APPLICATION OF JUDICIAL NOTICE IN THIS CASE IS ENTIRELY APPROPRIATE AND CONSISTENT WITH APPLICABLE LAW.

### A.   Plaintiffs Attached Key Documents To Their Complaint And Those Documents Are Incorporated By Reference And Properly Before The Court.

Although Plaintiffs argue that Republic cited to documents outside the pleadings, Plaintiffs' Complaint included four exhibits. Exhibit A to Plaintiffs' Complaint is the Stipulation and Settlement Agreement for Relief From the Automatic Stay Under Section 362 (the "Stipulation") from the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Action"), entered into on November 29, 2001. As the Stipulation is the very contract which Plaintiffs allege Defendant to have breached, Plaintiffs' contention that Defendant's argument with respect to the Stipulation is "outside the pleadings" in nonsensical at best. *See* Plaintiffs' Answering Brief at 6-7 (hereinafter the "PAB").

Exhibit B to Plaintiffs' Complaint is WH's Fourth Amended Plan (the "Plan") dated February 7, 2003, granted *nunc pro tunc* to March 19, 2003. While the Plan provides GALC with an unsecured claim stemming from any deficiency of GALC's sale of the leased kitchen equipment (the "Kitchen Equipment"), notably absent from the Plan is any mention of any potential claims by the debtor against Republic.

Exhibit C to Plaintiffs' Complaint is the Articles of Merger evidencing Republic Bank's merger with and into BB&T. This document speaks for itself and is not at issue in the pending motion.

Finally, Exhibit D to Plaintiffs' Complaint is described as the January 10, 2005 Opinion of the Bankruptcy Court denying WH's motion to expunge the unsecured claim of GALC. Indeed, to bolster their claim of breach of contract, Plaintiffs reference language from the January 10, 2005 Memorandum Opinion denying WH's motion to expunge the unsecured claim

3

of GALC. *See* Compl. ¶16, n.1. In fact, the document attached as Exhibit D is the April 18, 2003 Order and Opinion of the Bankruptcy Court regarding GALC's Motion for Modification of the Stipulation. Importantly, the January 10, 2005 Opinion, which was cited in Plaintiffs' Complaint, but inadvertently omitted, provides a comprehensive history of the disputes between Plaintiffs, GALC and Republic. Moreover, the Bankruptcy Court concluded in the January 10, 2005 opinion that the $125,000 paid by Republic for title to the Kitchen Equipment was its fair market value. *In re Wilmington Hospitality, LLC*, 320 B.R. 73, 78 (Bankr. E.D. Pa. 2005).

Because Plaintiffs have attached the April 18, 2003 Opinion denying GALC's Motion for Modification of the Stipulation, that Opinion is properly before the Court. In this earlier 2003 Opinion, the Bankruptcy Court also provided a comprehensive history of the parties' relationship and further stated that Plaintiffs had no interest in the Kitchen Equipment. *In re Wilmington Hospitality, LLC*, 2003 WL 21011689 (Bankr. E.D. Pa. Apr. 18, 2003).

## B.    The Documents Appended to Defendant's Motion to Dismiss Are Properly Before the Court.

Republic only attached two exhibits to its Motion to Dismiss. Exhibit A is a certified copy of the docket in the WH Bankruptcy Action and is offered to evidence the extensive prior and pending bankruptcy proceedings. Exhibit B is Republic's Answer to GALC's complaint in the Court of Chancery proceeding. This exhibit is offered to evidence the litigation between GALC and Republic, the Settlement of which is the predicate for Plaintiffs' claims before this Court.

## C.    The Application of Judicial Notice is Appropriate Under Applicable Law.

In the case *sub judice*, Republic is not asking this Court to take judicial notice of any document for any improper purpose to support Defendant's application of *res judicata* or collateral estoppel, because it is not necessary to do so. All of the documents cited in

4

113397.00601/40157861v.1

Defendant's Opening Brief and contested by Plaintiffs are either attached to or directly referenced in the Complaint, or are publicly available, such as the October 3, 2003 Opinion of the Court of Chancery, the docket for the WH Bankruptcy proceeding, and Republic's Answer in the Court of Chancery action initiated by GALC. *See* DOB at 5, 7 and 8. The Court may consider these documents to evidence the extensive previous and related litigation between the parties. *Inductotherm Indust., Inc. v. United States*, 2002 U.S. Dist. LEXIS 14046, at *8 (D.N.J. Mar. 26, 2002) (noting that court "may take judicial notice of a document filed in another court 'not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings'").

Plaintiffs first contend that disposition of the Complaint on *res judicata* or collateral estoppel grounds is inappropriate on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), when such defense is not apparent on the face of the complaint. PAB at 10. Republic's citation and reference to documents that were either attached to or referenced in Plaintiffs' Complaint or otherwise publicly available are not "improper" because in determining a Rule 12(b)(6) motion the Court may consider the allegations of the complaint, any attachments to the complaint, items appearing in the record of the case, and matters of public record. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990); *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003) (holding that court on motion to dismiss may "consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice"); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (on motion to dismiss, the court may also consider exhibits appended to the complaint and matters of public record). Moreover, and particularly relevant here, "when a complaint refers to passages from certain extraneous documents, the court may

5

113397.00601/40157861v.1

consider the entire text of those documents." *Charal Inv. Co., Inc. v. Rockefeller*, 131 F. Supp. 2d 593, 604 (D. Del. 2001), *aff'd sub nom. In re Rockefeller Center Props., Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002).

"To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to allegations in the complaint." *Cross Overseas Agencies Inc. v. Wah Kwong Shipping Group Ltd*., 181 F. 3d 410, 426 (3d Cir. 1999). The Court further "may consider undisputedly authentic documents integral to or explicitly relied on in the complaint without converting the motion to dismiss into one for summary judgment." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.3d 1192, 1196 (3d Cir. 1993). This approach enables the Court to dispose of claims which, in light of the documents on which they are based, are legally insufficient, "without the necessity of allowing the extensive discovery generally required before passing on a motion for summary judgment." *Goodwin v. Elkins & Co.*, 730 F.2d 99, 114 (3d. Cir.) (Becker, C.J. concurring), *cert. denied,* 469 U.S. 831 (1984). If a court could not take judicial notice of integral documents, "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit,* 998 F.3d at 1196. A plaintiff cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them. *In re Burlington Coat Factory Sec. Litig.,* 114 F. 3d 1410, 1426 (3d Cir. 1997).

Plaintiffs' argument that Republic's "attempts to improperly and selectively incorporate 'facts' from opinions and orders of other courts … and improperly incorporate disputed factual conclusions" is belied by Plaintiffs' own citation and reference to prior Bankruptcy Court opinions and orders in their Complaint. PAB at 6. Accordingly, because the Court may take judicial notice of these documents for the proper purpose of evidencing other and pending

6

similar litigation between the parties and not for the truth of the matters asserted therein, Plaintiffs' argument with respect to judicial notice is without merit.

## II.     THE APPLICATION OF RES JUDICATA AND COLLATERAL ESTOPPEL IS APPARENT ON THE FACE OF PLAINTIFFS' COMPLAINT.

The predicate to Defendant's defenses of *res judicata* and collateral estoppel is apparent on the face of Plaintiffs' Complaint. *See Iacaponi v. New Amsterdam Cas. Co.*, 379 F. 2d 311 (3d Cir. 1967) (holding that *res judicata* defense apparent on the face of the complaint when prior litigation is referenced). First, Plaintiffs admit that WH's bankruptcy is still pending in the Pennsylvania bankruptcy court. Compl. ¶7. That admission alone makes it proper for the Court to take notice of the docket in WH's bankruptcy. Next, Plaintiffs' specifically cite to and even quote from the January 10, 2005 Opinion from the Bankruptcy Court denying WH's motion to expunge GALC's unsecured claim. WH's entire case in this Court is based on WH's deficiency owed to GALC as a result of the bankruptcy. This Court must be permitted to take notice of the docket, opinions and related litigation referenced therein. Plaintiffs' deficiency to GALC as a result of the Kitchen Equipment Lease is the entire basis for Plaintiffs' theory of damages in the present litigation.

The Court may consider the Bankruptcy Court opinions explicitly relied upon or integral to the Complaint. *See Frazier v. American Airlines, Inc.*, 2004 WL 2223298, at *2 n.2 (D. Del. Sept. 30, 2004) (holding on motion to dismiss that Court may reference those documents explicitly relied upon in the complaint). The Court may further consider the opinion of the Court of Chancery and the related litigation with respect to the Kitchen Equipment to address Defendant's *res judicata* and collateral estoppel arguments.

Plaintiffs rely heavily upon *Brody v. Hankin,* 2005 WL 2077180 (3d Cir. Aug. 29, 2005), for the proposition that the documents cited to by Defendant are not properly before the Court for

7

*res judicata* or collateral estoppel purposes. The *Brody* case, however, has been designated as "not precedential" by the Third Circuit and it should therefore not be considered by this Court. Moreover, at least one district court in the Third Circuit since *Brody* has deemed it proper to consider related state court litigation in support of the application of *res judicata* and collateral estoppel. *See Viking Commc'n v. AT&T Corp.,* 2005 WL 2621919 (D.N.J. Oct. 14, 2005) (on a motion to dismiss based upon collateral estoppel, the District Court held that under Rule 12(b)(6) it could consider, among other things, pleadings from a state action and the state court's decisions and order); *see also Patrowicz v. Transamerica HomeFirst, Inc.,* 359 F. Supp. 2d 140, 145, n.1 (D. Conn. 2005) (the District Court granted defendant's motion to dismiss based upon, *inter alia,* the doctrine of *res judicata* and relied upon, among other things, pleadings attached from a previously filed state court action).

This case is also factually distinguishable from *Brody.* In *Brody,* the Third Circuit overturned the District Court's ruling granting defendant's motion to dismiss on *res judicata* grounds because the District Court relied upon documents outside of the pleadings. *Brody,* 2005 WL 2077180, at \*2. In that case, the defendants attached part of the record from an earlier arbitration between the parties. *Id.* While the plaintiff's complaint generally discussed the arbitration, the plaintiffs "did not mention information from that document in their complaint." *Id.* Specifically, the Third Circuit noted that "the District Court expressly relied on facts from documents related to the arbitration proceeding, but not mentioned in, or attached to, the Brodys' complaint." *Id.* Plaintiffs cannot escape the Third Circuit's explicit holding, however, that the District Court could consider documents which were attached to or mentioned in the plaintiff's complaint. *Id.*

8

In this case, unlike in *Brody*, the documents attached to and referenced in Plaintiffs' Complaint clearly evidence the factual predicate for the defenses of *res judicata* and collateral estoppel. Thus, it was Plaintiffs who squarely placed the previous litigation in issue in their Complaint.

## III.    RES JUDICATA IS PROPERLY APPLIED UNDER THE "ESSENTIAL SIMILARITY" TEST.

Plaintiffs apparently concede that the prior Bankruptcy Court Opinions and Orders constitute final judgment on the merits appropriate for the application of *res judicata*. Instead, Plaintiffs argue that there is not "essential similarity" between the claims litigated in the Bankruptcy Action and this case in order for *res judicata* to apply. Plaintiffs' application of the facts in this case to argue that there is not essential similarity ignores the fact that without the previous litigation Plaintiffs would have no deficiency claim and no other reason to assert a claim against the Bank with respect to the Kitchen Equipment.

In deciding whether to apply the affirmative defense of *res judicata,* the Third Circuit looks to whether there is an "essential similarity" of the underlying events giving rise to the various legal claims. *United States v. Athlone Indus. Inc.,* 746 F.2d 977, 984 (3d Cir. 1984). Causes of action are deemed the same if they arise from the same transaction, with the scope of the transaction being determined by considering whether there exists a common nucleus of operative facts. *See Restatement (Second) of Judgments* § 24 cmt. b (1982); *Nevada* v. *United States,* 463 U.S. 110, 130, n.12 (1983).

The value of the Kitchen Equipment is the factual predicate to Plaintiffs' alleged damages in this case. Importantly, both the claims in this action and Plaintiffs' Motion to Expunge GALC's unsecured claim in the Bankruptcy stem from Republic's settlement with

9

GALC regarding the rights to the Kitchen Equipment. These claims are not just essentially similar, they are inextricably intertwined.

The case of *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414 (3d Cir. 1988), is instructive. There, a former Chapter 11 debtor brought a subsequent action in a different court against a creditor bank. Like the parties in this action, the debtor and bank entered into a stipulation during the pendency of the bankruptcy regarding debtor's debt to the bank. *Id.* After the stipulation was entered, the Bankruptcy Court entered an order confirming debtor's joint plan of reorganization. Notably, as in this case, "[n]owhere in the plan or in the confirmation order is reference made to [debtor's] current claim against the bank." *Id.* at 415. Then, seven months later, the debtor filed the subsequent suit against the bank in the Superior Court of New Jersey for breach of contract and misrepresentation. The bank filed an answer and third-party complaint against debtor's sole shareholder. The bank then removed the suit to the New Jersey District Court. Subsequently, the bank filed a motion to dismiss, which was granted by the District Court. The District Court held "that since [debtor's] claims against the bank arose from the same series of transactions which were the subject of the extensive prior bankruptcy proceedings, its failure to bring this particular claim to the bankruptcy court's attention violated fundamental principles of preclusion and barred [debtor] from proceeding with the action." *Id.* at 416.

The Third Circuit affirmed the District Court's ruling and noted that four separate orders were entered in the bankruptcy action regarding the "validity, priority and extent of the bank's claim against [debtor]." *Id.* at 419. Moreover, the court highlighted the fact that "[no] affirmative defenses, counterclaims or objection to the claim were pleaded or raised in connection with entry of [those] orders." *Id.* Finally, the Third Circuit held that "the two claims

10

stem from the same transaction, i.e., alleged breached of the loan agreement present an issue of fact common to the matters before the bankruptcy court." *Id.* The same reasoning applies in this case to bar Plaintiffs' claims against Defendant in this Court.

Likewise, in *Robertson v. Bartels*, 148 F. Supp. 2d 443 (D.N.J. 2001), *aff'd*, 534 U.S. 1110 (2002), plaintiffs initially filed suit in District Court in an attempt to prevent the state of New Jersey from implementing a redistricting plan for its Senate and General Assembly districts. Different plaintiffs in privity with those in the first action filed a subsequent suit challenging the plan, but raising claims under the United States Constitution. In granting defendant's motion for summary judgment in the second suit based upon *res judicata*, the court held that the claims in both cases stemmed from one event: the approval of a new legislative redistricting plan and thus were essentially similar. *Id.* at 449.

Here, Plaintiffs' claims in this Court, Plaintiffs' disputes in the Bankruptcy Court, as well as the GALC/Republic litigation all stem from the parties' respective rights to the Kitchen Equipment. Despite the numerous opportunities to raise the claim in the Bankruptcy Court, Plaintiffs never brought the claim. Plaintiffs should have brought their claim against Republic – if they had one - in the Bankruptcy Action. Where the common nucleus of operative facts arose over three years prior to the Complaint in this action, and the essential similarity between all of these prior actions is inescapable, Plaintiffs' Complaint should be dismissed with prejudice.

## IV.    COLLATERAL ESTOPPEL IS PROPERLY APPLIED IN THIS CASE AND THE OVERRIDING FAIRNESS OVERWHELMINGLY FAVORS REPUBLIC TO PRECLUDE FURTHER LITIGATION ON THE ISSUE OF THE KITCHEN EQUIPMENT.

Plaintiffs' attempt to invoke the principles of fairness and equity in their favor in opposition to the application of collateral estoppel is incredible. In Plaintiffs' Answering Brief, they cite approvingly to *Cordis Corp. v. Boston Scientific Corp.*, 2005 WL 1331172 (D. Del.

11

June 3, 2005), for the proposition that even if movant has established all of the criteria for collateral estoppel, as Republic does here, the doctrine is "subject to [an] overriding fairness determination by the trial judge." *Id*. at *5 (citing *Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.,* 63 F.3d 1227, 1231 (3d Cir. 1995)).  Moreover, Plaintiffs assert that the party resisting issue preclusion should be "permitted to demonstrate … that he did not have 'a fair opportunity procedurally, substantively and evidentially to pursue his claim the first time.'" *Cordis,* 2005 WL 1331172, at *5 (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.,* 402 U.S. 313, 333 (1971)).

  *Cordis*, however, supports Republic's defense of collateral estoppel.  On defendant's motion for summary judgment, the *Cordis* Court held that collateral estoppel applied to preclude the plaintiff from asserting claims regarding a patent because previous litigation found the patent to be valid. *Id.*  Moreover, and expressly relevant here, this Court held that the fairness factor of collateral estoppel was met because plaintiff failed to timely raise the defense for either of two previous trials and given the absence of any newly discovered evidence. *Id.*

  In this case, like the defendant in *Cordis*, the issue of fairness weighs heavily in favor of the Defendant and collateral estoppel should be applied to preclude the relitigation of the same issues.  In addition to taking an $8 million loss on the Hotel due to WH, Capano and Vietri's default, Republic has had to defend its rights in numerous courts against WH, Capano, Vietri, as well as the Kitchen Equipment lessor.  Moreover, Plaintiffs have repeatedly sat on their rights and have failed to timely assert *any* interest in the Kitchen Equipment.  For these reasons, Republic has satisfied all of the elements of collateral estoppel, including the fairness prong pressed by the Plaintiff.

113397.00601/40157861v.1

## V.    PLAINTIFF HAS FAILED TO STATE CLAIMS FOR BREACH OF CONTRACT OR UNJUST ENRICHMENT.

Plaintiffs concede in their Answering Brief that a party's failure to make a sufficient showing of an essential element of its case "renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 317-318 (1986); PAB at 9. Here, Plaintiffs' Complaint is fatally flawed because they cannot established all of the elements of either cause of action.

### A.    Plaintiffs Have Failed To State A Claim For Breach Of Contract Because They Cannot Establish They Have Suffered Any Damages.

Plaintiffs do not dispute that the essential elements of a breach of contract require plaintiffs to allege: (1) the existence of a contract, (ii) a breach of an obligation created by that contract, and (iii) damages resulting from the breach. Plaintiffs cannot establish resulting damage under any set of circumstances.

Plaintiffs' only valuation of its damages in this case – $170,000 – is directly predicated upon the amount of the deficiency due to Republic's settlement with GALC. As discussed above and in Defendant's Opening Brief, the Bankruptcy Court has previously adjudicated the valuation of the Kitchen Equipment and determined that the $125,000 settlement amount between Republic and GALC represented the fair market value of the equipment. DOB at 12, 22 and 23. As a result, Plaintiffs may not, because they cannot, establish that they have suffered any damage. Quite the opposite, the settlement between Republic and GALC benefited Plaintiff because it reduced the amount of GALC's unsecured claim. Accordingly, Plaintiffs fail to establish an essential element for breach of contract and Count I of Plaintiffs' Complaint should be dismissed with prejudice.

### B.    Plaintiffs Fail To State A Claim For Unjust Enrichment.

"The elements of unjust enrichment are (1) an enrichment; (2) an impoverishment; (3) a relation between the enrichment and impoverishment; (4) the absence of justification; and (5) the

13

absence of a remedy at law." *Pennsylvania Employee Benefit Trust Fund v. Zeneca, Inc.,* 2005 WL 2993937, at \*5 (D. Del. Nov. 8, 2005) (citing *Jackson Nat'l Live Ins. Co. v. Kennedy,* 741 A.2d 377, 393 (Del. Ch. 1999)). Plaintiffs do not respond to Republic's argument that the Complaint fails to plead any unjust enrichment by Republic from its settlement regarding the Kitchen Equipment with GALC. DOB at 25-26. Indeed, they cannot due to the huge loss incurred by Republic. Thus, to support their unjust enrichment claim, Plaintiffs merely contend that Republic wrongfully retained the Kitchen Equipment and that Plaintiffs have been "impoverished" by the deficiency amount still owed on GALC's unsecured claim. PAB at 22. Without an impoverishment on the party of Plaintiffs and a concomitant benefit by the Defendant, Plaintiffs fail to state a claim and Count II for unjust enrichment should be dismissed.

## C. The Existence Of The Contract Bars Plaintiffs' Claim For Unjust Enrichment.

As a matter of law, Plaintiffs' unjust enrichment claim also fails for the independent reason that they do not dispute the existence of an express contract between the parties. Compl. ¶¶9-15. Indeed, Plaintiffs' entire Complaint is predicated upon the existence of and terms of the Stipulation. It is well settled, however, that "quasi-contract liability will not be imposed when a valid, unrescinded contract governs the rights of the parties." *Duffy v. Charles Schwab & Co., Inc.,* 123 F. Supp. 2d 802, 814 (D.N.J. 2000); *Benefit Trust Life Ins. Co. v. Union Nat'l Bank,* 776 F.2d 1174 (3d Cir. 1985) (unjust enrichment is not applicable when the relationship between the parties is founded on a written agreement); *Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989 (3d Cir. 1987) (holding that when explicit agreement existed between the parties, plaintiff could not recover under a theory of unjust enrichment.). The unjust enrichment theory of recovery was developed to remedy *the absence* of a formal contract. *Freedman v. Beneficial Corp.,* 406 F. Supp. 917, 923 (D. Del. 1975). Where a plaintiff pleads the very existence of a

14

113397.00601/40157861v.1

contract and asserts a claim for breach, no claim for unjust enrichment lies and plaintiff is limited to damages under the contract, if any. *See ID Biomedical Corp. v. TM Technologies, Inc.*, 1995 WL 130743, at *15 (Del. Ch. Mar. 16, 1995). Plaintiffs nevertheless assert that they are entitled to restitution due to Republic's alleged breach of the Stipulation. Compl. ¶23. In the face of an undisputed and valid contract between the parties, no claim for unjust enrichment lies, and Count II of the Complaint should be dismissed.

15

## CONCLUSION

For all the foregoing reasons, Defendant Branch Banking & Trust Company respectfully requests that this Court grant its Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c) and dismiss Plaintiffs' Complaint with prejudice.

**BLANK ROME LLP**

BY: _____
Elizabeth A. Wilburn (# 3666)
Michelle A. Bimson (# 4381)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 428-6400
Dated: November 11, 2005          Facsimile: (302) 425-6464

16

113397.00601/40157861v.1

## CERTIFICATE OF SERVICE

I, Michelle A. Bimson, hereby certify that on this 11th day of November, 2005, I caused a

copy of DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS to be

delivered to the following in the manner indicated below:

## BY E-FILING AND FIRST CLASS MAIL

Robert Daniel Ardizzi, Esquire
Davis, Bucco & Ardizzi
2 North Colonial Ave.
Elsmere, DE 19805


Michelle A. Bimson #4381